1  Gregory L. Lippetz (State Bar No. 154228)
   glippetz@jonesday.com
2  Edison T. Lin (State Bar No. 241013)
   elin@jonesday.com
3  JONES DAY
   1755 Embarcadero Road
4  Palo Alto, CA  94303
   Telephone:   650-739-3939
5  Facsimile:    650-739-3900

6  Attorneys for Defendant
   Douglas E. Goldman, M.D.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

12 RICHARD T. McREE, pro se,           **Case No. CV 11-00991 - LHK**

13              Plaintiff,             **DEFENDANT DOUGLAS E GOLDMAN, M.D.'S NOTICE OF MOTION AND MOTION TO DISMISS**
14         v.
15 RICHARD N. GOLDMAN, ET AL.,
                                        Date:    **October 13, 2011**
16              Defendant.              Time:    **1:30 p.m.**
                                        Place:   **Courtroom 4, 5th Floor**
17                                      Judge:   **Honorable Lucy H. Koh**

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 2

II. FACTUAL BACKGROUND ........................................................................................... 3

III. ARGUMENT ..................................................................................................................... 5

    A. The Court Should Dismiss Plaintiff's Unconstitutionality Claim .......................... 5

        1. A claim of unconstitutionality cannot be asserted against Defendant Goldman because he is not the state or a state actor .................................. 5

        2. Plaintiff's unconstitutionality claim is barred by the statute of limitations .................................................................................................. 5

    B. The Court Should Dismiss Plaintiff's Claim for Fraud ......................................... 7

        1. Plaintiff cannot claim criminal conduct in a civil complaint ..................... 7

        2. Plaintiff's claim for fraud is barred by the statute of limitations ............... 7

        3. Defendant Goldman is not a proper defendant for Plaintiff's fraud claim ............................................................................................................ 8

    C. The Court Should Dismiss Plaintiff's Unfair Competition Claim ......................... 8

        1. Plaintiff cannot claim criminal conduct in a civil complaint ..................... 8

        2. Plaintiff's unfair competition claim is barred by the statute of limitations .................................................................................................. 8

        3. Defendant Goldman is not a proper defendant for Plaintiff's unfair competition claim ....................................................................................... 9

    D. The Court Should Dismiss Plaintiff's Negligence Claim ...................................... 9

        1. Plaintiff cannot claim criminal conduct in a civil complaint ..................... 9

        2. Plaintiff's negligence claim is barred by the statute of limitations ............ 9

        3. Defendant Goldman is not a proper defendant for Plaintiff's negligence claim ........................................................................................ 10

    E. The Court Should Dismiss Plaintiff's Patent Infringement Claim Against Defendant Goldman .............................................................................................. 11

        1. Defendant Goldman is not a proper defendant for Plaintiff's patent infringement claim ................................................................................... 11

    F. Plaintiff's Claims All Suffer from Ambiguity and Extraneous Material, and Are Subject to Dismissal or Striking Under Rules 8(a)(2), 9(b) and 12(f) ........... 13

        1. Plaintiff's complaint violates Fed. R. Civ. P. 8(a)(2) ............................... 13

IV. CONCLUSION ............................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Al-Site Corp. v. VSI Int'l. Inc.*
   174 F.3d 1308 (Fed. Cir. 1999) .......................................................................................... 11

*Ashcroft v. Iqbal*
   129 S. Ct. 1937 (2009) ........................................................................................................ 13

*Cafasso v. Gen. Dynamics C4 Sys.*
   637 F.3d 1047 (9th Cir. 2011) ............................................................................................. 13

*Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*
   217 F. Supp. 2d 1028 (C.D. Cal. 2002) .............................................................................. 15

*Concha v. London*
   62 F.3d 1493 (9th Cir. 1995) ............................................................................................... 14

*Fantasy, Inc. v. Fogerty*
   984 F.2d 1524 (9th Cir. 1993) ............................................................................................. 14

*Harrison v. Cnty. of Alameda*
   720 F. Supp. 783 (N.D. Cal. 1989) ....................................................................................... 6

*Hearns v. San Bernardino Police Dep't.*
   530 F.3d 1124 (9th Cir. 2008) ............................................................................................. 13

*Hoover Group, Inc. v. Custom Metalcraft, Inc.*
   84 F.3d 1408 (Fed. Cir. 1996) ....................................................................................... 11, 12

*LeDuc v. Kentucky Central Life Ins. Co.*
   814 F. Supp. 820 (N.D.Cal. 1992) ...................................................................................... 14

Linda R.S. v. Richard D.
   410 U.S. 614 (1973) .............................................................................................................. 7

*McHenry v. Renne*
   84 F.3d 1172 (9th Cir. 1996) ............................................................................................... 13

*Shelley v. Kraemer*
   334 U.S. 1 (1948) .................................................................................................................. 5

*Talbot v. Robert Matthews Distrib. Co.*
   961 F.2d 654 (7th Cir. 1992) ............................................................................................... 15

**TABLE OF AUTHORITIES**
(continued)

Page

*U.S. v. Morrison*
529 U.S. 598 (2000) ............................................................................................................. 5

*U.S. v. Stanley*
109 U.S. 3 (1883) ................................................................................................................. 5

*Vess v. Ciba-Geigy Corp.*
317 F.3d 1097 (9th Cir. 2003) ............................................................................................ 14

**CALIFORNIA CASES**

*Acuna v. Regents of Univ. of Cal.*
56 Cal. App. 4th 639 (1997) ................................................................................................ 6

*Comm. on Children's Television v. Gen. Foods Corp.*
35 Cal. 3d 197 (1983) .......................................................................................................... 8

*Gatto v. Cnty. of Sonoma*
98 Cal. App. 4th 744 (2002) ................................................................................................ 6

*Korea Supply Co. v. Lockheed Martin Corp.*
29 Cal. 4th 1134 (2003) ....................................................................................................... 8

*Roman v. Cnty. of Los Angeles*
85 Cal. App. 4th 316 (2000) ................................................................................................ 6

**FEDERAL STATUTES**

15 U.S.C. § 3701 ......................................................................................................................... 12

15 U.S.C. § 8111 ......................................................................................................................... 12

18 U.S.C. § 2, 3, 4, 241, 371, 1001, 1016, 1018, 1341, 1346, 1349 ................................. 7, 8, 9, 10

28 U.S.C. § 1658 ........................................................................................................................... 6

35 U.S.C. § 271 ..................................................................................................................... 11, 12

35 U.S.C. § 296 ........................................................................................................................... 12

Title 18 of the United States Code ................................................................................................ 7

**CALIFORNIA STATUTES**

California Business & Professions Code § 17200 ........................................................................ 8

California Business & Professions Code § 17208 ........................................................................ 8

- iii -

DOUGLAS E. GOLDMAN, M.D.'S
NOTICE AND MOTION TO DISMISS
Case No. CV 11-00991 - LHK

# TABLE OF AUTHORITIES
### (continued)

**Page**

California Civil Code § 1709 .................................................................................................. 7

California Code of Civil Procedure § 335.1 ............................................................................ 6

California Code of Civil Procedure § 338 ............................................................................... 7

California Code of Civil Procedure § 338 ............................................................................... 6

California Code of Civil Procedure § 340.3 ............................................................................ 6

California Code of Civil Procedure § 343 ........................................................................ 6, 10

California Corporations Code § 5231 ................................................................................... 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ........................................................................................................... 2, 13, 14

Fed. R. Civ. P. 9 ............................................................................................................. 2, 5, 14

Fed. R. Civ. P. 12 ............................................................................................................. 14, 15

Fed. R. Civ. P. 25 ..................................................................................................................... 2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 13, 2011 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 4 in the United States District Court for the Northern District of California, located at 280 South First Street, San Jose, CA 95113, Defendant Douglas E. Goldman, M.D., through its undersigned counsel will, and hereby does, move to dismiss Plaintiff Richard T. McRee's Complaint for Patent Infringement, Unconstitutionality, Fraud, Unfair Competition, and Negligence, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

The Motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, Declaration of Greg L. Lippetz in support thereof, the complete files and records in this action, and such additional materials and arguments as may be considered at the hearing on the Motion.

Dated: July 8, 2011                     Respectfully submitted,

                                        Jones Day


                                        By: /s/ Greg L. Lippetz
                                            Greg L. Lippetz

                                        *Counsel for Defendant*
                                        Douglas E. Goldman, M.D.

## I. INTRODUCTION

Pro Se Plaintiff Richard T. McRee's ("Plaintiff") Complaint purports to assert five claims: Patent Infringement, Unconstitutionality, Fraud, Unfair Competition, and Negligence. All of Plaintiff's claims appear to be asserted against all of the defendants. However, Defendant Douglas Goldman is not a proper party to any of Plaintiff's claims, and should be dismissed. Mr. Goldman's sole connection to this dispute is that he was (and is) an officer of the non-profit entity Stern Grove Festival Association which, along with the City and County of San Francisco, oversaw the construction of the stage covering that is central to Plaintiff's complaint. There are no allegations anywhere in Plaintiff's 50+ page complaint and "appendix" that would subject Defendant Goldman to liability for any of Plaintiff's alleged claims.

Additionally, all but one of Plaintiff's claims are barred by the applicable statutes of limitations. The crux of Plaintiff's complaint is that he was not given recognition when the stage covering was constructed at Stern Grove in San Francisco. Plaintiff became aware of the stage covering, and the fact that he was not given any recognition, in 2005. By 2006, at the latest, Plaintiff was aware of all of the essential facts for four of his five claims. However, Plaintiff waited more than five years – well over any applicable statute of limitations period – to file his complaint. Plaintiff's prolonged delay in filing bars Plaintiff's claims for unconstitutionality, fraud, unfair competition, and negligence.

Plaintiff's decision to proceed without the assistance of counsel has caused his complaint to be plagued with numerous additional defects. For example: Plaintiff failed to sign the Complaint (ECF No. 1 at p.29); Plaintiff sues a deceased person by improperly relying on Fed. R. Civ. P. 25, which relates to substitution of parties and in no way allows litigation against a deceased person (ECF No. 1 at p.2); the Complaint contains numerous ambiguous, confusing, and extraneous paragraphs that fail to meet the pleading standard required by Fed. R. Civ. P. 8(a)(2) and/or Fed. R. Civ. P. 9(b); and Plaintiff improperly asserts *criminal* claims in this civil action (ECF No. 1 at p.25-27).

The Complaint's combination of confusing allegations and nonsensical claims places Defendant Goldman in a difficult position of having to defend himself without knowing with

1 certainty who is being sued for what relief, and/or on what legal theory. Defendant Goldman has tried in good faith to understand and address what appears to be Plaintiff's claims. While the Court would be justified in compelling Plaintiff to amend his Complaint, it is not necessary to do so. Under any reasonable interpretation of the alleged facts and legal theories, Defendant Goldman should be dismissed.

## II. FACTUAL BACKGROUND

Sigmund Stern Grove is a natural amphitheater located in the heart of San Francisco, best known for the admission-free concerts presented during the summer. Stern Grove was purchased by Rosalie M. Stern and given as a gift to the City of San Francisco in 1931, in memory of her husband Sigmund, a prominent civic leader. Mrs. Stern determined that the site should be preserved as a park in which the public could enjoy admission-free music, dance, and theater performances. On June 4, 1932, Stern Grove was dedicated. Two weeks later, the San Francisco Symphony played the first concert in the Grove. Mrs. Stern, then President of the San Francisco Recreation Commission, formed the non-profit Stern Grove Festival Association in 1938, stipulating that all concerts were to be free to the public and designed for everyone's enjoyment. For nearly 75 years, the Stern Grove Festival Association ("SGFA") has, through charitable donations, organized and presented a series of admission-free summer concerts at Stern Grove, as well as other admission-free music and dance activities throughout San Francisco. Stern Grove has been and continues to be owned and maintained by the City and County of San Francisco ("CCSF"), while SGFA is responsible for organizing and presenting the concerts at Stern Grove.

Between 2004-2005, SGFA and CCSF oversaw a $15 million renovation of Stern Grove. The centerpiece of the renovation was a completely new landscaped amphitheater, with thousands of tons of stone installed to form natural seating areas. Significant work was done to the surrounding hillsides, and a new stage area was built. The new stage included a series of three retractable canvas panels that could be deployed above the stage to protect the performers from the sun and from the light rain that is common in San Francisco. Work on the remodeling project, including the stage and stage covering, was completed in 2005.

Plaintiff is a San Francisco architect who owns a single US patent on a particular form of

1  retractable covering for arenas and other areas. According to his Complaint, prior to 2005,
2  Plaintiff attempted to commercialize his invention. He allegedly presented his idea to CCSF,
3  among others, but had little or no success.

4      On June 20, 2005, Plaintiff learned of the new stage covering at Stern Grove from a
5  newspaper. (ECF No. 1. at p. 5). On the very same day, Plaintiff drove to Stern Grove to "verify
6  infringement." (ECF No. 1 at p. 15). Therefore, by June 20, 2005, Plaintiff knew that the stage
7  covering had been built, and that he had not received any "recognition" or attribution from those
8  he believed to be responsible for building the stage covering. On June 6, 2006, Plaintiff admits
9  that he made the following statement at a San Francisco Board of Supervisors' meeting: "Stern
10 Grove now represents every Inventor's nightmare – that despite one's best efforts to protect and
11 launch one's own innovation, wealthy and politically connected people effectively steal, bankroll
12 and execute your idea before you do - then, simply deny and refuse to correct the offense." Over
13 the next five years, Plaintiff engaged in a series of letter-writing campaigns, spoke at CCSF
14 public hearings, and otherwise sought to obtain the recognition to which he believed he was
15 entitled. On March 3, 2011, more than five years and eight months after Plaintiff learned of the
16 key facts allegedly supporting his claims, he filed the instant Complaint. (ECF No. 1. at p. 1).

17      Because Plaintiff is without counsel, his Complaint is quite lengthy, and it is somewhat
18 difficult to ascertain his precise allegations. The Complaint purports to be filed against five
19 individuals, one of whom, Richard Goldman, he admits passed away last year. All of his claims
20 appear to be asserted against all five individuals he has named as Defendants. He alleges a claim
21 for patent infringement against the five individuals. (ECF No. 1. at p. 23). He also titles his other
22 four claims "Unconstitutionality, Fraud, Unfair Competition, and Negligence." (ECF No. 1. at p.
23 24, 25, 26, and 27). Based on the Defendant's present understanding of the Complaint, it appears
24 that Plaintiff may be alleging as follows: Plaintiff's unconstitutionality claim appears to challenge
25 the constitutionality of certain provisions of the Manual of Patent Examining Procedure
26 ("MPEP") used by the United States Patent and Trademark Office in examining patent
27 applications. Plaintiff's fraud claim appears to be based on the individual Defendants' alleged
28 attempts to make the public believe that the stage covering was "their original 'Big Idea.'"

Plaintiff's unfair competition claim appears to be based on the individual Defendants' allegedly claiming that the stage covering was their own design. Finally, Plaintiff's negligence claim appears to be based on the individual Defendants' alleged failure to uphold their "public persona" and "sworn duties." *Id.* For the reasons discussed below, all of Plaintiff's claims except the claim for patent infringement should be dismissed in their entirety, and Mr. Goldman should be dismissed from all claims.

## III.   ARGUMENT

Despite the aforementioned deficiencies present in Plaintiff's pleadings, Defendant has tried to ascertain the essence of the Plaintiff's claims. In the sections below, we address the claims Plaintiff appears to be alleging under Patent Infringement, Unconstitutionality, Fraud, Unfair Competition, and Negligence.

### A.   The Court Should Dismiss Plaintiff's Unconstitutionality Claim

#### 1.   A claim of unconstitutionality cannot be asserted against Defendant Goldman because he is not the state or a state actor

Plaintiff improperly asserts a claim of unconstitutionality against Defendant Goldman, a private individual. Claims of unconstitutionality can only be asserted against the state or those acting under the mantle of state authority. *U.S. v. Stanley*, 109 U.S. 3, 17-18 (1883); *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948); *U.S. v. Morrison*, 529 U.S. 598, 620-21 (2000). Plaintiff has not alleged that Defendant is a state actor or that he operates under the mantle of state authority. Additionally, even if Defendant Goldman's alleged "public persona" somehow implied some "state action," he has no connection to the allegedly unconstitutional statute. The Complaint alleges only that the MPEP, Appendix R, section 1.27, is unconstitutional. Plaintiff does not alleged that Defendant Goldman has any connection with the United States Patent Office, or with any other governmental entity that would be responsible for adopting or changing the MPEP. Therefore, Plaintiff's unconstitutionality claim should be dismissed as to Defendant Goldman.

#### 2.   Plaintiff's unconstitutionality claim is barred by the statute of limitations

Plaintiff's unconstitutionality claim is barred by any of the possibly applicable statute of limitations. A claim that a statute that creates a liability that did not exist at common law is

1 unconstitutional is subject to the three year statute of limitations under California Code of Civil Procedure Section 338(a). Alternatively, if Plaintiff's unconstitutionality claim is based on a liability that existed at common law, whether codified by statute or not, California Code of Civil Procedure Section 335.1 applies and the action is subject to a general two year statute of limitations for personal injury. California courts have consistently held that California Code of Civil Procedure Section 335.1 is applicable to personal injury actions based on violation of federal civil rights, including free speech rights. *See Acuna v. Regents of Univ. of Cal.*, 56 Cal. App. 4th 639, 646 (1997) (free speech as a personal, not property, right, subject to a 1 year statute of limitations under Section 340.3 (modernly 2 years under Section 335.1)); *Gatto v. Cnty. of Sonoma*, 98 Cal. App. 4th 744, 760 (2002) (civil rights as a personal right); *Roman v. Cnty. of Los Angeles*, 85 Cal. App. 4th 316, 322-23 (2000) (a violation of constitutional rights is a personal injury action governed by Section 340.3 (modernly Section 335.1)); *Harrison v. Cnty. of Alameda*, 720 F. Supp. 783, 791 (N.D. Cal. 1989) (civil rights actions subject to statute of limitations for personal injury caused by wrongful act or neglect of another). If neither of these statutes applied, Plaintiff's unconstitutionality claim may be subject to the four year statute of limitations under California Code of Civil Procedure Section 343 or 28 U.S.C. Section 1658(a).

Under any of the applicable statutes of limitations, Plaintiff's unconstitutionality claim is barred. Plaintiff claims that the MPEP creates a "disparity" because he was classified as a "Small Entity." (ECF No. 1. At p. 24). Plaintiff knew of this classification when he applied for his patent. Specifically, Plaintiff submitted a "Small Entity Declaration – Independent Inventor(s)" form to the United States Patent and Trademark Office on April 7, 1997. (Lippetz Decl., Ex. A)[1]. Plaintiff then alleges that the Defendants "Deprived Plaintiff of liberty and property" (ECF No. 1. at p. 24). This "deprivation" allegedly occurred when the stage covering was erected in 2005 without providing any attribution to Plaintiff. Therefore, Plaintiff knew of all of the elements of his unconstitutionality claim by 2005, more than five years prior to filing his complaint. Because the statute of limitations is two or three or, at most four years, and Plaintiff waited more than five

---

[1] Defendant Goldman requests that the Court take judicial notice of Plaintiff's Small Entity Declaration.

1  years and eight months before filing his complaint, his unconstitutionality claim should be
2  dismissed.

### B. The Court Should Dismiss Plaintiff's Claim for Fraud

#### 1. Plaintiff cannot claim criminal conduct in a civil complaint

Plaintiff appears to be improperly alleging criminal conduct as the basis for his fraud claim. Under the "Third Claim for Relief: Fraud," Plaintiff cites "18 U.S.C. § 2, 3, 4, 241, 371, 1001, 1016, 1018, 1341, 1346, 1349" apparently as the basis for his fraud claim. (ECF No. 1. at p. 25). Title 18 of the United States Code is the criminal and penal code of the federal government of the United States and relates to federal crimes and criminal procedure. It is well-established that, through a civil action, a Plaintiff cannot allege criminal charges against Defendants or obtain the initiation of a criminal investigation. See *Linda R.S v. Richard D.,* 410 U.S. 614, 619 (1973) (holding "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Because this is a civil action, Plaintiff cannot base his fraud claim on criminal statutes, and his claim should be dismissed.

#### 2. Plaintiff's claim for fraud is barred by the statute of limitations

Plaintiff's delay of more than four years to file his Complaint bars his fraud claim. Under California Code of Civil Procedure Section 338(d), an action for relief on the ground of fraud is barred if filed more than three years after the cause of action has accrued. California Civil Code Section 1709 provides that "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Plaintiff's fraud claim appears to be based on the allegations that the Defendants tried to cause the public to believe that the stage covering was their "Big Idea." As Plaintiff admits in his complaint, he knew about the existence of the stage covering in June, 2005. Also at that time, he knew that he was not being given any attribution for the stage covering. (ECF No. 1, Exhibit B, ¶¶ 16-22). Finally, by the end of 2006 at the latest, Plaintiff admits that he believed that Defendant's philanthropic image was fraudulent. (ECF No. 1, Exhibit B, ¶¶ 50, 61). Therefore, Plaintiff knew of all of the elements of his fraud claim by the end of 2006, more than four years prior to filing his Complaint. As a result, Plaintiff's fraud claim is barred by the statute of

limitations and should be dismissed.

### 3. Defendant Goldman is not a proper defendant for Plaintiff's fraud claim

There are insufficient allegations against Defendant Goldman to maintain a fraud claim against him. Defendant Goldman's sole relevant connection to the construction of the stage covering is that he is and was an officer and director of SGFA. Plaintiff has made no allegations that the Defendant personally acted in a way that would constitute fraud. Therefore, Plaintiff's fraud claims against the Defendant should be dismissed.

## C. The Court Should Dismiss Plaintiff's Unfair Competition Claim

### 1. Plaintiff cannot claim criminal conduct in a civil complaint

Plaintiff appears to be improperly alleging criminal conduct as the basis for his unfair competition claim. Under the "Fourth Claim for Relief: Unfair Competition," As with his fraud claim, Plaintiff cites "18 U.S.C. § 2, 3, 4, 241, 371, 1001, 1016, 1018, 1341, 1346, 1349" apparently as the basis for his unfair competition claim. (ECF No. 1. at p. 26). For the reasons discussed above, Plaintiff cannot base his unfair competition claim on criminal statutes, and his claim should be dismissed.

### 2. Plaintiff's unfair competition claim is barred by the statute of limitations

Plaintiff's unfair competition claim is barred by any of the possibly applicable statutes of limitations. An unfair competition claim based on Cal. Bus. & Prof. § 17200 is subject to the four year statute of limitations under California Business & Professions Code, Section 17208. Under California Business & Professions Code Section 17200, "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising…." Here, Plaintiff alleges that Defendants represented that the stage covering was their exclusive design, creating a likelihood of confusion as to the source. (ECF No. 1. At p. 26). Thus, Plaintiff appears to be alleging a §17200 claim based on a "fraudulent business act." To allege a §17200 claim founded on a "fraudulent" business practice, the Plaintiff must assert that consumers are likely to be deceived by the defendant's conduct. *See Comm. on Children's Television v. Gen. Foods Corp.,* 35 Cal. 3d 197, 212 (1983). *See also Korea Supply*

*Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1151 (2003) (holding "one need only show that 'members of the public are likely to be deceived.'….individual Plaintiff's knowledge of the unfair practice not needed in order to recover restitution…."). Plaintiff alleges that he saw the announcement of the new stage covering no later than June 20, 2005, and knew, by March 24, 2006, that Defendant Goldman was allegedly using images of the covering in promotional material, and alleges that Defendant Goldman was "fraudulently crediting only his family with the renewal." Therefore, Plaintiff's allegations show that he had knowledge of the facts essential to his claim of unfair competition in 2006, more than four years prior to filing his Complaint. (ECF No. 1., Exhibit B, ¶¶ 16, 48). As such, Plaintiff's unfair competition claim should be dismissed.

### 3. Defendant Goldman is not a proper defendant for Plaintiff's unfair competition claim.

There are insufficient allegations against Defendant Goldman to maintain a claim against him for unfair competition. Defendant Goldman's sole relevant connection to the construction of the stage covering is that he is and was an officer and director of SGFA. Plaintiff has made no allegations that the Defendant personally acted in a way that would constitute unfair competition. Plaintiff has made no allegations that Defendant was "competing" with Plaintiff or his SkyCover® RCS product, or directed conduct toward consumers. Hence, Plaintiff's claims of unfair competition against Defendant should be dismissed.

### D. The Court Should Dismiss Plaintiff's Negligence Claim

#### 1. Plaintiff cannot claim criminal conduct in a civil complaint

Plaintiff appears to be improperly alleging criminal conduct as the basis for his Negligence claim. As with his other claims, under the "Fifth Claim for Relief: Negligence," Plaintiff cites "18 U.S.C. § 2, 3, 4, 241, 371, 1001, 1016, 1018, 1341, 1346, 1349" apparently as the basis for his negligence claim. (ECF No. 1. At p. 27). For the reasons discussed above, Plaintiff cannot base his negligence claim on criminal statutes, and his claim should be dismissed.

#### 2. Plaintiff's negligence claim is barred by the statute of limitations

Plaintiff's delay of more than four years in filing his Complaint bars his negligence claim.

Plaintiff's complaint includes a "Fifth Claim for Relief: Negligence." (ECF No. 1. at p. 27) which appears to be based on the individual Defendants' alleged failure to uphold their "public persona" and "sworn duties." *Id*. A negligence claim based on California Corporations Code Section 5231 is subject to the four year statute of limitations under California Code of Civil Procedure Section 343. California Corporations Code Section 5231 provides, in part, the following: "A director shall perform the duties of a director, including duties as a member of any committee of the board upon which the director may serve, in good faith, in a manner that director believes to be in the best interests of the corporation and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances." As Plaintiff admits in his complaint, he knew about the alleged infringement since June, 2005. He also knew of Defendant Goldman's involvement with Stern Grove on or before March, 2006. (ECF No. 1., Exhibit B, ¶¶ 50, 61). Therefore, Plaintiff knew of the essential elements of his negligence claim by March, 2006, more than four years prior to filing his complaint. As a result, his negligence claim should be dismissed.

### 3. Defendant Goldman is not a proper defendant for Plaintiff's negligence claim

There are insufficient allegations against Defendant Goldman to maintain a claim against him for negligence. First, Defendant is not alleged to be an elected official, and therefore owes no "duty to the public." Hence, Plaintiff's allegation that "Elected-Defendants have fiduciary duties as officials to be true and consistent with their sworn responsibilities" cannot support a claim against Defendant Goldman. (ECF No. 1 at p. 27). Second, there is no legal basis for a claim that a "Philanthropist" owes a duty to the public to follow "ethical or moral guidelines." (ECF No. 1. at p. 27). Third, Defendant Goldman's alleged refusal to respond to Plaintiff or his alleged use of agents to "intercept" Plaintiff cannot constitute a breach of duty to support a negligence claim. (ECF No. 1. at p. 27). For at least the foregoing reasons, Plaintiff's claims of negligence against Defendant should be dismissed.

**E.  The Court Should Dismiss Plaintiff's Patent Infringement Claim Against Defendant Goldman**

**1.  Defendant Goldman is not a proper defendant for Plaintiff's patent infringement claim**

Plaintiff alleges that "Defendants directly, indirectly, contributorily and by inducement, have willfully infringed the '269 patent…" (ECF No. 1. at p. 23). Direct infringement, inducement of infringement, and contributory infringement are governed by 35 U.S.C. Sections 271(a), (b), and (c), respectively. Because Defendant Goldman was not the entity responsible for designing or building the stage covering, he is not a proper defendant for Plaintiff's patent infringement claim.

**(a)  Claims of infringement under 35 U.S.C. § 271(a)**

To find personal liability for direct infringement under 35 U.S.C. Section 271(a), courts have "require[d] sufficient evidence to justify piercing the corporate veil" and held that "[t]he corporate entity deserves respect and legal recognition unless specific, unusual circumstances justify disregarding the corporate structure." *Al-Site Corp. v. VSI Int'l. Inc.*, 174 F.3d 1308, 1331 (Fed. Cir. 1999).

Plaintiff has failed to allege any facts to support a claim for direct infringement against Defendant Goldman. Defendant Goldman's sole relevant connection to the construction of the stage covering is that he is and was an officer and director of SGFA. Plaintiff has made no allegations that the Court should disregard SGFA's corporate structure or that Defendant personally acted in a way that would constitute infringement. Therefore, Plaintiff's direct infringement claims under 35 U.S.C. Section 271(a) against Defendant Goldman should be dismissed.

**(b)  Claims of infringement under 35 U.S.C. §271 (b)**

The Federal Circuit has held that for a corporate officer to be personally liable for inducing infringement under 35 U.S.C. Section 271(b), "the officer must act culpably in that the officer must actively and knowingly assist with the corporation's infringement…. It is an insufficient basis for personal liability that the officer had knowledge of the acts alleged to constitute infringement." *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1412
- 11 -

(Fed. Cir. 1996). Furthermore, "unless the corporate structure is a sham….personal liability for inducement to infringe is not automatic but must be supported by personal culpability." *Id.* at 1412.

There are no allegations against Defendant Goldman that would justify a claim against him for inducing infringement. Plaintiff has not alleged that Defendant Goldman actively or knowingly assisted with any infringing activity, or that Defendant personally acted in a way that would constitute inducing infringement. Therefore, Plaintiff's inducing infringement claim under 35 U.S.C. Section 271(b) against Defendant Goldman should be dismissed.

**(c)    Claims of infringement under 35 U.S.C. § 271(c)**

Under 35 U.S.C. Section 271(c) "[w]hoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." There are no allegations against Defendant Goldman to justify a claim against him for contributory infringement. There are no allegations that Defendant Goldman sold, offered for sale or imported a component of a patented article. Therefore, Plaintiff's inducing infringement claim under 35 U.S.C. Section 271(c) against Defendant Goldman should be dismissed.

**(d)    Claims under 35 U.S.C. § 296, 15 U.S.C. § 3701, and 15 U.S.C. § 8111**

In paragraphs 95-97 of the complaint, Plaintiff made various allegations under 35 U.S.C. Section 296, 15 U.S.C. Section 3701, and 15 U.S.C. Section 8111. None of the allegations appear to be directed at Defendant Goldman. (ECF No. 1. At p. 23). Specifically, it appears that Plaintiff's claims under 35 U.S.C. Section 296, 15 U.S.C. Section 3701, and 15 U.S.C. Section 8111 are directed against "Defendants Brown, Newsom, and Dufty," the "President's Council on Innovation and Competitiveness," and the "Intellectual Property Enforcement Coordinator" respectively. *Id.* Consequently, these claims should also be dismissed as to Defendant Goldman.

### F. Plaintiff's Claims All Suffer from Ambiguity and Extraneous Material, and Are Subject to Dismissal or Striking Under Rules 8(a)(2), 9(b) and 12(f)

If the Court finds it is unclear what Plaintiff is claiming, then Defendant respectfully requests that the Court strike portions of the complaint, and dismiss the remaining deficient claims for failure to comply with the Federal Rules.

#### 1. Plaintiff's complaint violates Fed. R. Civ. P. 8(a)(2)

Rule 8(a)(2) states that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Accordingly, the Supreme Court requires that a Plaintiff plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  The Supreme Court explains that "[a] claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.  In addition to the foregoing requirements, the Ninth Circuit has affirmed a lower court's dismissal of a complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  In particular, the Ninth Circuit remarked that "[p]rolix, confusing complaints such as the ones Plaintiffs filed in this case impose unfair burdens on litigants and judges." *Id.* at 1179; *see also Hearns v. San Bernardino Police Dep't.*, 530 F.3d 1124, 1130 (9th Cir. 2008) (permitting dismissal where the complaint is "replete with redundancy," "largely irrelevant," and "confusing and conclusory"); *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) ("Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling") (citation omitted).  As such, the Ninth Circuit dismissed with prejudice the complaint that it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry*, 84 F.3d. at 1177-1178.  In doing so, the court did not abuse its discretion because it was unlikely that an additional opportunity to amend would resolve the deficiencies or that the Plaintiff would succeed on the merits. *Id.*

In this Complaint, large passages of Plaintiff's Complaint at paragraphs 1-92 and his entire"Appendix," which he purports to incorporate by reference, present confusing, highly repetitious and "rambling" statements. As such, his Complaint fails to meet the requirements of Rule 8(a)(2).

### (a) Plaintiff's fraud claim fails to comply with Fed. R. Civ. P. 9(b)

Rule 9(b) states that allegations of fraud or mistake must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Where averments of fraud are not pleaded with particularity, the court should disregard them and consider only the remaining allegations. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1105 (9th Cir. 2003). This heightened pleading standard ensures that defendants have sufficient notice of the claims against them in order to formulate a defense. *Concha v. London*, 62 F.3d 1493, 1502 (9th Cir. 1995).

Here, Plaintiff's fraud claim fail to meet heightened pleading requirements of Rule 9(b). Plaintiff's allegations are not particularized, but rather consist of a stream of consciousness-type tirade against Defendants (and others). Plaintiff does not identify any specific actions or statements of Defendant Goldman as fraudulent. As a result, Plaintiff's fraud claim fails to comply with Rule 9(b).

### (b) Plaintiff's complaint violates Fed. R. Civ. P. 12(f)

Rule 12(f) provides that a court "may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." A motion to strike may be granted where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D.Cal. 1992). The Ninth Circuit explained that the function of a "motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). Moreover, *Fantasy* instructs that "[i]mmaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded" and that "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 1527. (Internal quotation marks omitted). Additionally, matter may be stricken as scandalous if it "bears

no possible relation to the controversy or may cause the objecting party prejudice," *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992), and as redundant if it is "needlessly repetitive or wholly foreign to the issues involved in the action," *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

Plaintiff's complaint includes numerous immaterial, impertinent, scandalous, and redundant paragraphs. Such paragraphs have no bearing on the subject matter of the litigation and wastes the Court's as well as the parties' time and money. Attached as Exhibit B to the Declaration of Greg L. Lippetz is a chart listing all of the passages in the Complaint that violate Rule 12(f).

## IV.    CONCLUSION

For the reasons set forth above, Defendant respectfully submits that all of Plaintiff's claims, except the claim for patent infringement, be dismissed with prejudice and that all of Plaintiff's claims be dismissed as to Defendant Goldman. Alternatively, if the Court cannot ascertain the essential allegations supporting Plaintiff's claims, Defendant Goldman requests that the Court strike the improper portions of the Complaint, and dismiss the remaining portions due to numerous violations of the Federal Rules.

Dated: July 8, 2011                               Respectfully submitted,

                                                  Jones Day


                                                  By: /s/ Greg L. Lippetz
                                                       Greg L. Lippetz

                                                  *Counsel for Defendant*
                                                  Douglas E. Goldman, M.D.