1  Gregory L. Lippetz (State Bar No. 154228)
   glippetz@jonesday.com
2  Edison T. Lin (State Bar No. 241013)
   elin@jonesday.com
3  JONES DAY
   1755 Embarcadero Road
4  Palo Alto, CA  94303
   Telephone:   650-739-3939
5  Facsimile:    650-739-3900

6  Attorneys for Defendant
   Douglas E. Goldman, M.D.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12  RICHARD T. McREE, pro se,          **Case No. CV 11-00991 - LHK**

13           Plaintiff,                **DEFENDANT DOUGLAS E. GOLDMAN, M.D.'S REPLY RE DEFENDANT GOLDMAN'S MOTION TO DISMISS**

14      v.

15  RICHARD N. GOLDMAN, ET AL.,

16           Defendants.               Date:    October 13, 2011
                                       Time:    1:30 p.m.
17                                     Place:   Courtroom 4, 5th Floor
                                       Judge:   Honorable Lucy H. Koh

## I. INTRODUCTION

On March 3, 2011, nearly six years after Plaintiff learned of the key facts allegedly supporting his claims, Plaintiff filed the instant suit. (ECF No. 1, at 1.) In response to the numerous and fatal defects that plague Plaintiff's Complaint, Defendant Goldman filed a motion to dismiss, setting forth in detail the legal bases to dismiss every claim in the Complaint as against Mr. Goldman. Plaintiff was obligated to provide a legal basis to rescue his claims. However, Plaintiff's opposition entirely fails to address the majority of the defects in his Complaint. Where Plaintiff does respond, he provides only generalized statements that, even if included in an amended complaint, would not satisfy the legal requirements to salvage his claims. As a result, all of Plaintiff's claims, except the claim for patent infringement, should be dismissed in their entirety, and Mr. Goldman should be dismissed from all claims.

## II. ARGUMENT

As discussed in the motion to dismiss, Defendant Goldman has tried to ascertain the essence of the Plaintiff's claims despite numerous deficiencies present in Plaintiff's pleadings. While Defendant Goldman's motion to dismiss provided specific reasons for why each of what appears to be Plaintiff's Unconstitutionality, Fraud, Unfair Competition, Negligence, and Patent Infringement claims should be dismissed, Plaintiff has failed to address almost all of Defendant Goldman's arguments. As such, all of Plaintiff's claims except the claim for patent infringement should be dismissed in their entirety, and Mr. Goldman should be dismissed from all claims.

### A. Plaintiff's Failure to Respond to Defendant Goldman's Arguments Justifies Granting this Motion

Because Plaintiff has failed to respond to most of Defendant Goldman's arguments, Plaintiff essentially concedes that his claims of unconstitutionality, fraud, unfair competition, negligence, and patent infringement should be dismissed. If a party fails to respond to the opposing party's arguments that its claim should be dismissed, then the claims may be deemed abandoned. *See Deirmenjian v. Deutsche Bank, A.G.*, Case No. CV 06-00774 MMM (CWx), 2010 U.S. Dist LEXIS 86957, at *28 (C.D. Cal. July 30, 2010) ("The failure of plaintiffs . . . to offer any argument or evidence in opposition to defendants' motion constitutes abandonment of

their claims . . . ."); *See also Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . . Rather, the onus is upon the parties to formulate arguments . . . ."). Plaintiff fails to respond to most of Defendant's arguments for dismissal of Plaintiff's claims of unconstitutionality, fraud, unfair competition, negligence, and patent infringement. Plaintiff does not dispute that a claim of unconstitutionality cannot be asserted against Defendant Goldman because Defendant Goldman is not the state or a state actor. Plaintiff does not dispute that his claim of unconstitutionality is barred by the applicable statutes of limitations. Plaintiff does not dispute that he cannot claim criminal conduct in a civil complaint. For his claim of patent infringement, plaintiff points to no allegations in his Complaint that Defendant Goldman has performed any act that would subject him to liability for either direct or indirect patent infringement. Plaintiff's failure to offer arguments or evidence that respond to the arguments made in the Motion should be construed as abandonment of Plaintiff's claims of unconstitutionality, fraud, unfair competition, negligence, and patent infringement.

**B.     Plaintiff Fails to Present Any Justification for Equitable Tolling of the Statutes of Limitations**

Plaintiff has failed to allege any facts that would justify equitable tolling of the applicable statutes of limitations. Although Plaintiff fails to properly present any specific argument that the applicable statutes of limitation should be tolled, Plaintiff's opposition contains several statements suggesting that he is seeking equitable tolling. Federal courts apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law. *See Hardin v. Straub*, 490 U.S. 536, 537-39 (1989); *Bacon v. City of L.A.*, 843 F.2d 372, 374 (9th Cir. 1988). To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Ninth Circuit has explained equitable tolling as follows: "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim . . . ." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Plaintiff has not alleged any facts that, even if the Court were to permit amendment of the

1   Complaint, would constitute a legal basis for equitable tolling.

2   Plaintiff has failed to allege facts that would support equitable tolling based on medical
3   issues.  To plead equitable tolling based on medical issues, courts have held that a plaintiff has to
4   show that medical and/or mental problems rendered the plaintiff unable to pursue his legal rights
5   during the relevant time period.  *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), *reh'g*
6   *granted, op. modified* 447 F.3d 1165 (9th Cir. 2006); *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056,
7   1060-61 (9th Cir. 2007).  Equitable tolling based on mental impairment, requires the plaintiff to
8   show: (1) "his mental impairment was an 'extraordinary circumstance' beyond his control" and
9   (2) "diligence in pursuing the claims to the extent he could understand them, but that the mental
10  impairment made it impossible to meet the filing deadline under the totality of the circumstances,
11  including reasonably available access to assistance."  *Bills v. Clark*, 628 F.3d 1092, 1099-1100
12  (9th Cir. 2010) (citation omitted).  Here, Plaintiff has vaguely alleged that his "[s]urgery and a
13  physical injury" caused delays for an unknown period of time in 2009.  (ECF No. 44, at 8.)
14  Plaintiff has not alleged that his surgery or physical injury rendered him unable to pursue his legal
15  rights during the applicable time period, or that the time period of his illness was long enough to
16  justify the multi-year delay in filing his claims.  As to mental impairment, Plaintiff has not
17  alleged that he was mentally impaired.  Rather, Plaintiff only states that the surgery and physical
18  injury "***hindered***" his activity.  (ECF No. 44, at 8.)  Consequently, Plaintiff's alleged surgery and
19  physical injury in 2009 are insufficient to toll any of the applicable statutes of limitations.

20  Plaintiff's alleged lack of legal expertise is also not a sufficient basis for equitable tolling.
21  Lack of legal expertise by a pro se petitioner does not provide a basis for equitable tolling.  *See*
22  *Valencia v. Hedgepeth*, No. CIV S-09-0616-KJM-CMK-P, 2011 U.S. Dist. LEXIS 95268, *13
23  (E.D. Cal. Aug. 24, 2011) (where the Court held that "lack of legal expertise" does not establish a
24  sufficient basis for equitable tolling for a pro se petitioner).  Plaintiff alleges that, in 2010, "when
25  there was again no response from Defendant Goldman," he started to study the applicable law and
26  "limited knowledge not accrued for Plaintiff until that time."  However, such allegations are
27  insufficient to toll the statutes.  If they were, every non-lawyer plaintiff would be able to avoid the
28  statute of limitations bar simply because they were not trained in the law.  Hence, Plaintiff's lack

1 of legal expertise is insufficient to toll any of the applicable statutes of limitations.

2 Plaintiff's alleged lack of money is also insufficient to warrant equitable tolling. Lacking
3 money to continue with legal counsel does not toll any of the applicable statutes of limitations.
4 *See Morgan v. Martels*, 1:09-cv-00210-AWI-DLB (HC), 2009 U.S. Dist. LEXIS 74315, at *27-
5 28 (E.D. Cal. Aug. 20, 2009) ("Petitioner's claim of indigence is not sufficient to justify equitable
6 tolling."). Plaintiff states that "[i]n 2006, Plaintiff lacked $300,000 to continue with legal
7 counsel." (ECF No. 44, at 6.) Plaintiff fails to allege that he could not obtain pro bono counsel, or
8 that he otherwise exhausted all of the avenues available to him to file a Complaint. Therefore,
9 Plaintiff's alleged lack of money to retain, or to continue to retain counsel does not toll the
10 statutes of limitations.

11 Plaintiff's allegations that Defendant Goldman and his attorney concealed the alleged
12 wrong are also insufficient to toll the statutes. Statutes of limitations may only be tolled if a
13 defendant fraudulently concealed the alleged wrong. *Naftzger v. Am. Numismatic Soc'y*, 42 Cal.
14 App. 4th 421, 429 (1996) (citing *Bennett v. Hibernia Bank*, 47 Cal. 2d 540, 561 (1956)).
15 However, even if fraudulent concealment is shown, the limitations period may be tolled only for
16 so long as the plaintiff is not on inquiry notice of its potential claim. *Snapp & Assocs. Ins. Servs.,*
17 *Inc. v. Malcolm Bruce Burlingame Robertson*, 96 Cal. App. 4th 884, 890-91 (2002). In
18 California, the threshold for inquiry notice is quite low and very little is required to put a plaintiff
19 on inquiry notice and thus cause the limitations period to begin running. In essence, "[a] plaintiff
20 is under a duty to reasonably investigate, and a ***suspicion*** of wrongdoing, coupled with a
21 knowledge of the harm and its cause, commences the limitations period." *Id.* (Emphasis added.)
22 Here, Plaintiff has admitted that he has been on notice of the alleged patent infringement since
23 June 20, 2005, well ***before*** any alleged fraudulent concealment. (ECF No. 1, at 5.). Plaintiff's
24 allegation that Defendant Goldman and his attorney "tried to mislead Plaintiff by deliberately
25 misrepresenting [sic] actual case findings" does not toll any of the applicable statutes of
26 limitations. (ECF No. 44, at 6.) Defendant Goldman is not alleged to have concealed any alleged
27 wrong from Plaintiff. Aside from these vague allegations, Plaintiff has failed to point to any
28 specific alleged fraud by Defendant Goldman or his attorney. At most, Plaintiff is alleging a

1 misrepresentation of the law, not concealment of facts, which is insufficient to toll the statutes.

Because Plaintiff fails to allege any facts that would support equitable tolling, he cannot take advantage of equitable tolling principles. Additionally, because his allegations, even if added to the Complaint, would be insufficient as a matter of law, there is no basis to grant leave to amend.

### C. Plaintiff Has Failed to Present Sufficient Allegations as to Defendant Goldman

As discussed at length in Defendant Goldman's Motion to Dismiss, Plaintiff's Complaint fails to present sufficient allegations to maintain Plaintiff's unconstitutionality, fraud, unfair competition, negligence, or patent infringement claims against Defendant Goldman. Because Plaintiff's Opposition also fails to present additional facts that would cure the insufficient allegations, all of Plaintiff's claims against Defendant Goldman should be dismissed.

Plaintiff's claim of unconstitutionality against Defendant Goldman, a private individual, is improper. As explained in Defendant's Motion to Dismiss, claims of unconstitutionality can only be asserted against the state or those acting under the mantle of state authority. *United States v. Stanley*, 109 U.S. 3, 17-18 (1883); *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948); *United States v. Morrison*, 529 U.S. 598, 620-21 (2000). Here, neither Plaintiff's Complaint nor Plaintiff's Opposition has alleged that Defendant is a state actor or that he operates under the mantle of state authority. Thus, Plaintiff's unconstitutionality claim should be dismissed as to Defendant Goldman.

Plaintiff's claims of fraud and unfair competition against Defendant Goldman are also improper. Defendant Goldman's sole relevant connection to the construction of the stage covering is that he is and was an officer and director of SGFA. Plaintiff has made no allegations in his Complaint or Opposition that Defendant Goldman personally acted in a way that would constitute fraud, or that Defendant Goldman personally acted in a way that would constitute unfair competition. Therefore, Plaintiff's fraud and negligence claims against Defendant Goldman should be dismissed.

Plaintiff's claims of negligence against Defendant Goldman are improper. First, both

Plaintiff's Complaint and his Opposition fails to allege that Defendant Goldman is an elected official. As such, Defendant Goldman owes no "duties to the [p]ublic" and Plaintiff's allegation that "Elected-Defendants have fiduciary duties as officials to be true and consistent with their sworn responsibilities" cannot support a claim against Defendant Goldman. (ECF No. 1, at 27.) Second, there is no legal basis for a claim that a "Philanthropist" owes a duty to the public to follow "ethical or moral guidelines." (*Id.*) Third, Defendant Goldman's alleged refusal to respond to Plaintiff or his alleged use of agents to "intercept" Plaintiff cannot constitute a breach of duty to support a negligence claim. (*Id.*) Hence, Plaintiff's claims of negligence against Defendant Goldman should be dismissed.

Lastly, Plaintiff's patent infringement claims against Defendant Goldman are improper. Defendant Goldman was not the entity responsible for designing or building the stage covering. Furthermore, as discussed at length in Defendant Goldman's Motion, Plaintiff's Complaint fails to allege that Defendant Goldman performed any act which would subject him to liability for either direct or indirect patent infringement. Plaintiff's Opposition presents no additional allegations that support Plaintiff's claim that Defendant Goldman is subject to liability for direct or indirect patent infringement. Therefore, Plaintiff's claims of patent infringement against Defendant Goldman should be dismissed.

### E. Plaintiff Should Not Be Granted Leave to Amend

Plaintiff should not be granted leave to amend. Where it is clear that leave to amend would be futile, the Court should dismiss a complaint with prejudice. *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989) ("In deciding whether justice requires granting leave to amend, factors to be considered include . . . ***futility*** of the proposed amendment.")(Emphasis added); *See also Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1293 (where the Ninth Circuit held that "futile amendments should not be permitted" and affirmed a district court's decision to deny a motion to amend where amendment "could not affect the outcome of [the] law-suit"). Here, Plaintiff has alleged no facts that would provide a legal basis for his claims. Therefore, Plaintiff should not be granted leave to amend.

**D.     Alternatively, Improper Portions of the Complaint Should be Stricken**

As discussed in Defendant Goldman's Motion, Plaintiff's claims all suffer from ambiguity and extraneous material, and are subject to dismissal or striking under Federal Rules of Civil Procedure Rules 8(a)(2), 9(b), and 12(f).  Plaintiff has presented no argument in response to these arguments, nor has he offered to correct any of these deficiencies.  Thus, if the Court decides not to dismiss Defendant Goldman from the case, it should strike the improper portions of the Complaint, and dismiss the remaining portions due to numerous violations of the Federal Rules.

**III.     CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that all of Plaintiff's claims, except the claim for patent infringement, be dismissed with prejudice, and that all of Plaintiff's claims be dismissed with prejudice as to Defendant Goldman.

Dated: August 31, 2011                                                 Respectfully submitted,

Jones Day


By:  /s/ Edison T. Lin
         Edison T. Lin

Counsel for Defendant
Douglas E. Goldman, M.D.