UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD T. MCREE, | Case No.: 11-CV-00991-LHK |
| Plaintiff, | ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, AND DENYING PLAINTIFF'S MOTION TO COMPEL RESPONSE |
| v. | |
| RICHARD N. GOLDMAN, ET AL., | |
| Defendants. | |

Plaintiff Richard T. McRee ("McRee") brings this action against Defendants Douglas E. Goldman ("D. Goldman"), Richard N. Goldman ("R. Goldman"), Willie L. Brown, Jr. ("Brown"), Gavin Newsom ("Newsom"), and Bevan Dufty ("Dufty") pursuant to 15 U.S.C. § 4, 28 U.S.C. §§ 1331, 1337, 1338(a) & (b), and 1367, alleging patent infringement and a variety of constitutional and common law claims. Before the Court are three motions: Defendant Douglas E. Goldman's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted; Plaintiff's motion to compel response from the other Defendants; and Plaintiff's motion for a preliminary injunction enjoining the alleged infringement. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing and case management conference scheduled for October 13, 2011. Having considered the submissions of the parties, and for good cause shown,

the Court hereby DENIES Plaintiff's motion to compel response from Defendants R. Goldman, Brown, Newsom, and Dufty, GRANTS Defendant Douglas E. Goldman's motion to dismiss in part with prejudice and in part with leave to amend, and DENIES Plaintiff's motion for preliminary injunction.

## I. BACKGROUND

For purposes of ruling on the motion to dismiss, the Court may generally "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007) (internal quotation marks and citations omitted). "Pro se pleadings are liberally construed." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court accepts the following allegations from Plaintiff's complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011).

McRee is a registered architect and sole inventor of U.S. Patent No. 6,003,269 ('269 Patent), which claims a "Retractable Covering for Spaces" (RCS). Compl. ¶ 1; *see* Ex. A to Compl. McRee uses his trademark "SkyCover" to identify embodiments of the '269 Patent. Compl. ¶ 1.

The site of the alleged infringement is Stern Grove, a public park owned and maintained by the City and County of San Francisco ("CCSF") featuring an outdoor performance venue. Since 1938, the Stern Grove Festival Association ("SGFA") has been responsible for organizing and presenting, through charitable donations, a series of admission-free summer concerts open to the public and staged in Stern Grove's natural amphitheater. In 2004 and 2005, SGFA and CCSF jointly oversaw a $15 million renovation of Stern Grove, which included construction of a new stage. Compl. ¶ 54. The new stage included a series of three retractable canvas panels that could be deployed above the stage to protect the performers from the sun and rain. McRee alleges that these retractable panels ("Stern Grove retractable canopy") infringe his '269 Patent and that such infringement on the part of Defendants was willful.

Plaintiff alleges that Defendants knew of his patent prior to construction; indeed, that "the entire vision faithfully reflected both the very same idea and same location Plaintiff had incidentally and confidentially mentioned to a Brown Agent inside the Mayor['s] Office six years before." *Id.* ¶¶ 15, 17.  Plaintiff disclosed his invention to the City of San Francisco in 1998 when he was called into then-Mayor Brown's office for a confidential meeting concerning the possible redevelopment of Candlestick Park.  *Id.* ¶ 22.  In the end, Candlestick Park was not redeveloped, but the Stern Grove redevelopment proceeded.  In June 2004, various SGFA staff received brochures for the SkyCover without Plaintiff's authorization at a public meeting, and shortly thereafter, plans for the Stern Grove renovations were released to the public.  *Id.* ¶ 59.  No infringing SkyCover was apparent, but Plaintiff contacted SGFA to confirm this fact and was assured that some form of "shroud" would be used rather than a SkyCover.  *Id.* ¶ 61.

Plaintiff alleges that he first learned of the suspected infringement from a photograph of the stage in a June 20, 2005 newspaper article on the Stern Grove renovations.  He, his wife, and a colleague immediately drove to Stern Grove, where he witnessed the purported infringing structure firsthand.  *Id.* ¶¶ 16, 17.  After learning of the infringement, Plaintiff contacted various Defendants and their associates to notify them of the infringement and to attempt license discussions.  *Id.* ¶ 70; Ex. B to Compl.  From 2005 through the filing of this suit, Plaintiff continued to reach out to the named Defendants and their agents in hopes of gaining recognition for his invention and resolution of his grievances, but Defendants were unresponsive.  Compl. ¶¶ 18, 70-73.  Instead, CCSF and SGFA continued to use the Stern Grove retractable canopy, which was exposed to and enjoyed by nearly one million people over the past six years.  *Id.* ¶ 18.  Plaintiff alleges that the infringement has caused him and his family considerable harm, including economic harm, health problems, and reputational/dignitary injury.  *Id.* ¶ 70.  Plaintiff attempted to retain an attorney to represent him in the instant action but was unable to afford one and therefore filed this complaint pro se.[1]  *Id.* ¶ 70.

**II.  LEGAL STANDARDS AND ANALYSIS**

---

[1] The Court advises Plaintiff to sign up for an appointment with the Federal Legal Assistance Self-Help Center ("FLASH") at the San Jose Courthouse.  The telephone number for FLASH is (408) 297-1480.

3

Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, AND DENYING PLAINTIFF'S MOTION TO COMPEL RESPONSE

### A. MOTION TO COMPEL RESPONSE

The Court first addresses Plaintiff's ex parte Motion for Administrative Relief, ECF No. 41, which essentially seeks the same relief as his Motion to Compel Response from Defendants Brown, Newsom, and Dufty and to substitute the Richard and Rhoda Goldman Fund for the late Richard N. Goldman. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with Rule 4's requirements, *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

#### 1. Defendants Brown, Newsom, and Dufty

Plaintiff attempted to serve Brown, Newsom, and Dufty via hand delivery to the Mayor's Office of current Interim Mayor Ed Lee on June 8, 2011 and asserts that such service was proper in accordance with Federal Rule of Civil Procedure 4(j)(2) and California Rule of Civil Procedure 416.50. FRCP 4(j)(2) and CRCP § 416.50, however, govern service of a local government entity, not service of individuals. Plaintiff's Complaint does not name the City and County of San Francisco ("CCSF") as a defendant, nor does it specify whether it sues Brown, Newsom, and Dufty in their individual or official capacities, or both.

Under the Federal Rules of Civil Procedure, an individual may be served by "[1] delivering a copy of the summons and of the complaint to the individual personally; [2] leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or [3] delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Alternatively, service may be accomplished by "following state law for serving a summons in an action." *Id.* 4(e)(1). California law allows a plaintiff to serve a defendant by, among other means, mailing a

4

Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS, DENYING
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, AND DENYING PLAINTIFF'S MOTION TO
COMPEL RESPONSE

copy of the summons and complaint "together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Cal. Code Civ. P. § 415.30.

Plaintiff did not comply with the California rules for service of individuals, nor did he comply with the federal rules by serving Defendants Brown, Newsom, or Dufty individually, leaving a copy at each of their dwellings or places of abode, or delivering a copy to their authorized agents.[2] Because Plaintiff has not properly served Defendants Brown, Newsom, or Dufty, his motion to compel them to file an answer to his complaint is hereby DENIED.

Nevertheless, although the Complaint does not identify the City and County of San Francisco as a defendant, Plaintiff's subsequent filings suggest that CCSF is the real party in interest. For example, Plaintiff's motion for administrative relief asks the Court to determine "that service to CCSF was indeed sufficient" and to "compel[] [CCSF] to respond to the complaint in recognition of its legal responsibility for the actions of Defendants Brown, Newsom, and Dufty, performed solely in their official capacities." Mot. Admin. Relief, ECF No. 41 at 3. In that same motion, Plaintiff explains that Defendants Brown, Newsom, and Dufty "were named solely because their infringement-inducing actions were performed while serving in their 'official' capacities as elected representatives of [the City and County of San Francisco ("CCSF")]." *Id.*

Accordingly, the Court grants Plaintiff leave to amend his Complaint and to re-attempt proper service of any amended complaint on defendants as shall be named therein. Should Plaintiff again name defendants in their individual capacity, service shall comply with Rule 4(e) of the Federal Rules of Civil Procedure to be valid. Should Plaintiff choose to file suit against defendants in their official capacity or against the City and County of San Francisco, service shall comply with Rule 4(j)(2) of the Federal Rules of Civil Procedure to be valid. Rule 4(j)(2) provides that service

---

[2] On June 21, 2011, Plaintiff received a letter from City Attorney Dennis J. Herrera informing him as follows: "I write to advise you that delivery to the Mayor's office is not effective service for former City officials Gavin Newsom, Willie Brown or Bevan Dufty. San Francisco has not been authorized to accept service on behalf of any of these former City officials. Because they have not been properly served, these former City officials will not file a response to your complaint." ECF No. 24 at 2.

5
Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, AND DENYING PLAINTIFF'S MOTION TO COMPEL RESPONSE

of state or local government is accomplished by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). The California rules provide that "[a] summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Code Civ. P. § 416.50.

### 2. Defendant R. Goldman

The Complaint also names as a defendant R. Goldman, who died in November 2010, a few months before this action was filed. The Complaint moves to hold his son, D. Goldman, along with the Richard and Rhoda Goldman Fund, liable for R. Goldman's actions. Compl. ¶ 3. In his motion to compel response, Plaintiff again moves for substitution of the Richard and Rhoda Goldman Fund. Mot. to Compel at 10, ECF No. 36. Because R. Goldman was already deceased at the time Plaintiff filed this action, Plaintiff should have followed procedures for suing R. Goldman's estate rather than attempting to hold R. Goldman's son or fund liable for his actions. The Court therefore denies Plaintiff's motion to compel response or to substitute parties but grants Plaintiff leave to amend his complaint to name the proper defendants and accordingly re-attempt proper service as required.

### B. MOTION TO DISMISS

This motion to dismiss is brought solely by Defendant D. Goldman, son of R. Goldman and Chairman of the Board for the Stern Grove Festival Association non-profit organization throughout the course of the alleged conduct that forms the basis of Plaintiff's complaint. Compl. ¶ 4.

### 1. Patent Infringement

Plaintiff alleges that "Defendants directly, indirectly, contributorily and by inducement, have willfully infringed the '269 patent by making and using the patented inventions for the stage proscenium at Stern Grove, and have willfully prolonged the infringement of the '269 patent by continuing their use of the patented inventions despite Plaintiff's diligence and repeated efforts to assert his Rights." Compl. ¶ 93.

6

The relevant provisions of federal patent law provide:

(a) . . . whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . infringes the patent.  (b) Whoever actively induces infringement of a patent shall be liable as an infringer.  (c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."

35 U.S.C. § 271.

Direct infringement requires no more than the unauthorized use of a patented invention. *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 484 (1964).  Defendant does not argue that the Stern Grove retractable canopy is non-infringing.  Instead, Defendant argues that he cannot be held personally liable under 35 U.S.C. § 271(a) for direct infringement because he was not directly involved in the design or construction of the Stern Grove RCS canopy, and because there is no evidence that SGFA is merely his "alter ego" as would justify "piercing the corporate veil."  *See Wordtech Sys., Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010) ("'To determine whether corporate officers are personally liable under § 271(a) requires invocation of those general principles relating to piercing the corporate veil.'" (quoting *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579 (Fed. Cir. 1986)). "[T]he 'corporate veil' shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego.'" *Id.* at 1313 (quoting *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1295 (Fed. Cir. 2007).  Plaintiff's allegations of infringement appear to be directed at SGFA, of which D. Goldman is the chairman of the board.  The Court agrees that Plaintiff has not alleged that D. Goldman personally designed, constructed, used, or sold the alleged infringing item, nor that SGFA is D. Goldman's alter ego.  Plaintiff has therefore failed to plead sufficient facts to state a claim against D. Goldman personally for direct infringement.

7

Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, AND DENYING PLAINTIFF'S MOTION TO COMPEL RESPONSE

However, indirect infringement by a corporate officer, whether contributory or by inducement, does not require piercing the corporate veil. The Court therefore also considers whether McRee has pled sufficient facts to state a claim for contributory or inducing infringement against D. Goldman.

An individual officer may be personally liable for contributory infringement if he "sells a component with knowledge that the component is especially designed for use in a patented invention, and is not a staple article of commerce suitable for substantial noninfringing use." *Id.* at 1316-17 (citing *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008)). Plaintiff makes no allegation that D. Goldman has sold a component of a patented invention and thus fails to state a claim against D. Goldman for contributory infringement under 35 U.S.C. § 271(c).

An individual officer may be personally liable for inducing infringement "if he knowingly induced infringement and possessed specific intent to encourage another's infringement." *Id.* at 1315-16. Induced infringement requires more than mere knowledge of the induced acts; rather, the accused must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). Here, the complaint alleges that Plaintiff notified D. Goldman and his associates of the suspected infringement but does not allege that D. Goldman knew of Plaintiff's '269 Patent or that the Stern Grove retractable canopy infringed the '269 Patent prior to Plaintiff's 2005 discovery. Plaintiff alleges that SGFA continued to use the Stern Grove retractable canopy even after he made D. Goldman aware of the alleged infringement; however, there is no allegation of any act by D. Goldman inducing infringing use after 2005, other than allowing himself to be photographed with the renovation, including the canopy. *See* Compl., Ex. B, ¶ 48. The Court finds that Plaintiff has failed to allege sufficient facts to support a claim for induced infringement against Defendant.

In sum, because Plaintiff has not alleged any grounds for piercing the corporate veil, no product sale is involved, Plaintiff has not alleged that Defendant had knowledge prior to June 2005

United States District Court
For the Northern District of California

1  that the canopy infringed, and Plaintiff has not alleged any acts of Defendant intended to induce

2  infringement after June 205, the first cause of action for patent infringement is DISMISSED.

3        Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely

4  given when justice so requires bearing in mind "the underlying purpose of Rule 15 to facilitate

5  decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d

6  1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted).  The Ninth

7  Circuit instructs that "[i]n dismissing for failure to state a claim, 'a district court should grant leave

8  to amend even if no request to amend the pleading was made, unless it determines that the pleading

9  could not possibly be cured by the allegation of other facts.'" *Doe v. United States*, 58 F.3d 494,

10  497 (9th Cir. 1995) (quoting *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247

11  (9th Cir. 1990)).  Furthermore, the Court "has a duty to ensure that pro se litigants do not lose their

12  right to a hearing on the merits of their claim due to ignorance of technical procedural

13  requirements." *Balistreri*, 901 F.2d at 699.  Leave to amend is generally only denied if allowing

14  amendment would unduly prejudice the opposing party, cause delay, or be futile, or if the moving

15  party has acted in bad faith. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047,

16  1058 (9th Cir. 2011) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.

17  1989)).

18        Defendant has not shown that leave to amend the first cause of action would be futile,

19  unduly prejudicial, cause delay, or that the Plaintiff has acted in bad faith.  Accordingly, the Court

20  grants LEAVE TO AMEND this cause of action.

### 2. Unconstitutionality

22        Plaintiff next challenges the constitutionality of § 1.27 of the Manual of Patent Examining

23  Procedure ("MPEP") (Appendix R), concerning "[d]efinition of small entities."  Plaintiff alleges

24  that by equating individual with "small entities" of up to 500 persons, MPEP Appendix R § 1.27

25  puts individual patent holders on an un-level playing field against "much larger non-profits and

26  universities with access to superior legal resources for defending intellectual property," rendering it

27  effectively impossible for individual patentees like himself to secure legal representation in patent

9

Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS, DENYING
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, AND DENYING PLAINTIFF'S MOTION TO
COMPEL RESPONSE

infringement disputes. *See* Compl. ¶¶ 100-103. Plaintiff alleges that this lack of protection for individual inventors contravenes Article I, § 8 of the federal Constitution, which empowers Congress "[t]o promote the Progress of Science and Useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const. art. I, § 8, cl. 8.

D. Goldman moves to dismiss on grounds that a claim of unconstitutionality cannot be asserted against him, a private individual, and that Plaintiff's claim is barred by the statute of limitations. Mot. to Dismiss at 5-6. The Court agrees on both counts. Plaintiff has not alleged that Defendant is a state actor or that he acted under color of state law. Indeed, Plaintiff has in no way alleged that Defendant has any affiliation with the United States Patent Office or any other governmental entity responsible for authoring or implementing the MPEP. Defendant therefore cannot be sued for the alleged unconstitutionality of the MPEP, Appendix R, § 1.27. Moreover, even if D. Goldman were a proper defendant, Plaintiff's claim of unconstitutionality is barred by the statute of limitations, which is four years after the cause of action accrues. *See* 28 U.S.C. § 1658(a) (statute of limitations for civil actions arising under an Act of Congress). Plaintiff applied for his patent and submitted a "Small Entity Declaration – Independent Inventor(s)" form to the U.S. Patent and Trademark Office on April 7, 1997, Lippetz Decl., Ex. A, and he first learned of the suspected infringement in June 2005. Yet Plaintiff delayed commencement of this suit until 2011, nearly six years after discovering all the elements of his cause of action.

Plaintiff argues that Defendants should be estopped from asserting that his claims are barred by the statute of limitations because they dragged out protracted pre-litigation settlement discussions in bad faith. A party asserting equitable tolling must demonstrate that (1) he has been diligent in pursuing his rights, and (2) extraordinary circumstances prevented him from filing on time. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Plaintiff alleges primarily his financial inability to obtain counsel, his own lack of legal expertise, and his reliance on putative Defendants' representations that the matter could be resolved amicably without resort to the courts. Although his allegations may be construed as diligence in seeking resolution of his claims without resort to

litigation, he has not alleged facts demonstrating that "extraordinary circumstances beyond [his] control made it impossible to file the claims on time." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006) (internal quotation marks and citations omitted). While the Court is certainly sympathetic to the challenges facing pro se plaintiffs, the factors Plaintiff proffers as justification for his delayed filing do not support the equitable tolling doctrine, which is to be applied sparingly and reserved only for "extreme cases," such as when the claimant has been tricked by an adversary into letting a deadline expire, an administrative agency's notice of the statutory period is clearly inadequate, or when the statute of limitations is not complied with solely due to defective pleadings. *See Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992) (citations omitted).

Although Plaintiff has not shown that he is entitled to equitable tolling under California law, he may attempt to do so in an amended complaint. Accordingly, Plaintiff's second cause of action is DISMISSED with leave to amend.

### 3. Fraud

Plaintiff's third claim for relief alleges fraud based on Defendants having held themselves out to be "honorable men" when in fact they "learned confidentially" of Plaintiff's invention and then exploited their power to infringe his patent. Compl. ¶¶ 105-113. D. Goldman moves to dismiss, asserting that Plaintiff's fraud claim is barred by the statute of limitations and that Plaintiff cannot allege criminal conduct as the basis for a civil suit.

The Court agrees with Defendant. Under California law, an action for relief on the ground of fraud or mistake must be filed within three years of discovery by the aggrieved party of the facts constituting the fraud or mistake. Cal. Code Civ. P. § 338(d). Plaintiff admits in his Complaint that he knew of the alleged infringement as early as June 2005, yet he did not file this action until March 2011. *See* Compl. ¶¶ 16-17. Plaintiff's delay of more than three years from the time of his discovery of the alleged fraud bars his claim for relief, and no amendment to his pleadings can remedy this deficiency. As discussed above, Plaintiff has not shown that he is entitled to equitable

United States District Court
For the Northern District of California

1   tolling under California law, but he may attempt to do so in an amended complaint.  Accordingly,

2   Plaintiff's third cause of action is DISMISSED with leave to amend.

### 4. Unfair Competition

Plaintiff alleges that Defendants "have presented the [Stern Grove] Proscenium as their exclusive creation which is likely to cause confusion as to source, sponsorship, or association; thus making it likely that Plaintiff's professional colleagues, contacts, and associates in Industry (including the Marine, Fabric, Awnings, and Tensile Structure Industries) may assume that the Grove's RCS possesses no other significance and is therefore free to be copied without further attribution, thereby undermining Plaintiff's credibility and prospects when attempting to professionally advance the '269 Patent with collaborators, clients, prospects, and suppliers." Compl. ¶ 117.  D. Goldman moves to dismiss, asserting that Plaintiff's unfair competition claim is barred by the statute of limitations, that Plaintiff cannot allege criminal conduct as the basis for a civil suit, and that Plaintiff has failed to allege sufficient facts to maintain a claim against D. Goldman for unfair competition.

Plaintiff cites sections of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as well as sections of the criminal code, as the basis for his unfair competition claim.  However, Plaintiff does not allege trademark infringement under the Lanham Act, and he cannot cite the criminal code as the basis of his civil suit.  To the extent Plaintiff sought to state a claim for unfair competition under the California Business & Professions Code, which defines unfair competition as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," Cal. Bus. & Prof. § 17200, his claim is barred by the four-year statute of limitations.

For the reasons discussed above, Plaintiff has not demonstrated that he is entitled to equitable tolling but may attempt to do so in an amended complaint.  Accordingly, Plaintiff's fourth cause of action is DISMISSED with leave to amend.

### 5. Negligence

Finally, Plaintiff alleges that "[t]he Philanthropist-Defendants have fiduciary duties to the Public Trust to act in ways that are true and consistent with their own statements and their public

12

Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, AND DENYING PLAINTIFF'S MOTION TO COMPEL RESPONSE

image and roles as leaders striving for virtue and altruism," and that they breached this duty to Plaintiff by disrespecting him and his patent. Compl. ¶¶ 119-122. As Defendant observes, Plaintiff appears to be attempting to state a claim under California Corporations Code § 5231, which provides that "[a] director shall perform the duties of a director, including duties as a member of any committee of the board upon which the director may serve, in good faith . . . ." The statute of limitations for a negligence claim based on California Corporations Code § 5231 is four years from the time the cause of action accrued. Plaintiff discovered the alleged infringement that forms the basis for his negligence claim in June 2005 yet waited nearly six years before bringing suit. His claim is therefore barred by the statute of limitations. Plaintiff has not demonstrated that he is entitled to equitable tolling but may attempt to do so in an amended complaint. Accordingly, Plaintiff's fifth cause of action is DISMISSED with leave to amend.

### C. MOTION TO STRIKE

The Court's dismissal renders moot D. Goldman's motion to strike certain portions of the complaint. *See* Mot. to Dismiss at 13-15 & Ex. B. Nonetheless, because the Court grants Plaintiff leave to amend, the Court hereby advises Plaintiff that any amended Complaint must comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief") and Rule 12(f) (allowing court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter").

### D. MOTION FOR PRELIMINARY INJUNCTION

A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Under the Ninth Circuit's "sliding scale" approach, which survived *Winter*, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for*

*Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049 (9th Cir. 2010); *accord Vanguard Outdoor, LLC v. City of Los Angeles*, 648 F.3d 737, 739-40 (9th Cir. 2011).

As discussed above, McRee has not pleaded sufficient facts to withstand a motion to dismiss, much less demonstrate a likelihood of success on the merits. In light of his failure to satisfy the first prong of the preliminary injunction test, it is unnecessary at this time to consider whether the other elements are satisfied. Because the action is dismissed as to Defendant Goldman and no other putative defendant has properly been made party to the instant suit, the motion for preliminary injunction is denied as moot.

### III. CONCLUSION

For the foregoing reasons, Defendant Douglas E. Goldman's motion to dismiss the first cause of action for failure to state a claim is GRANTED with leave to amend. All other claims are dismissed with prejudice. Accordingly, Plaintiff's motion for preliminary injunction is DENIED. Plaintiff's motion to compel response is DENIED with leave to re-attempt proper service of an amended complaint. Any amended complaint must remedy the deficiencies identified above and must be filed and served within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: October 12, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge