1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD T. MCREE,<br><br>                         Plaintiff,<br>          v.<br><br>RICHARD N. GOLDMAN, ET AL.,<br><br>                         Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 11-CV-00991-LHK<br><br>ORDER GRANTING DEFENDANT<br>DOUGLAS E. GOLDMAN'S MOTION<br>TO DISMISS; GRANTING IN PART<br>AND DENYING IN PART CITY AND<br>COUNTY OF SAN FRANCISCO'S<br>JOINDER IN MOTION TO DISMISS;<br>GRANTING UNITED STATES'<br>MOTION TO DISMISS; AND DENYING<br>PLAINTIFF'S MOTION TO COMPEL |

Plaintiff Richard T. McRee ("Plaintiff") brings this action against Defendants Douglas E.

Goldman ("D. Goldman"), the City and County of San Francisco ("CCSF"), the United States of

America, Richard N. Goldman's Estate ("R. Goldman"), Willie L. Brown, Jr. ("Brown"), Gavin

Newsom ("Newsom"), and Bevan Dufty ("Dufty") (collectively "Defendants"), alleging patent

infringement and a variety of constitutional and common law claims. *See* ECF No. 61. Before the

Court are four motions: (1) D. Goldman's Motion to Dismiss Plaintiff's First Amended Complaint,

ECF No. 76 ("Goldman Mot."); (2) CCSF's Joinder in D. Goldman's Motion to Dismiss, ECF No.

86 ("CCSF Mot."); (3) the United States' Motion to Dismiss Plaintiff's First Amended Complaint,

ECF No. 89 ("U.S. Mot."); and (4) Plaintiff's Ex Parte Motion to Compel Response from the

Richard N. Goldman Estate, ECF No. 88 ("Mot. to Compel"). The Court held a hearing on D.

Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS; GRANTING IN PART
AND DENYING IN PART CCSF'S JOINDER IN MOTION TO DISMISS; GRANTING UNITED STATES'
MOTION TO DISMISS; AND DENYING PLAINTIFF'S MOTION TO COMPEL

United States District Court
For the Northern District of California

1    Goldman's and CCSF's motions to dismiss on March 8, 2012.  Pursuant to Civil Local Rule 7-1(b),

2    the Court finds the United States' motion to dismiss suitable for determination without oral

3    argument and hereby VACATES the May 3, 2012 hearing.  Having considered the submissions

4    and arguments of the parties, and the relevant law, the Court hereby GRANTS D. Goldman's

5    motion to dismiss all claims against him, but grants leave to amend as to Plaintiff's claim for

6    inducement of infringement; GRANTS IN PART and DENIES IN PART CCSF's Joinder in D.

7    Goldman's Motion to Dismiss; and GRANTS the United States' motion to dismiss all claims

8    against it.  Moreover, for the reasons stated in Section IV, *infra*, the Court DENIES Plaintiff's

9    Motion to Compel a Response from the Richard N. Goldman Estate.[1]

10   **I.  BACKGROUND**

11            **A.  Factual Background**

12            For purposes of ruling on the motion to dismiss, the Court takes the facts as alleged in

13   Plaintiff's First Amended Complaint ("FAC") to be true and construes them in the light most

14   favorable to Plaintiff, the nonmoving party.  *See Colony Cove Props., LLC v. City of Carson*, 640

15   F.3d 948, 955 (9th Cir. 2011).[2]  Plaintiff is a registered architect, inventor, and sole owner of U.S.

16   Patent No. 6,003,269 (the "'269 Patent"), entitled "Retractable Covering for Spaces" ("RCS"),

17   which issued on December 21, 1999.  FAC ¶ 1; *see* ECF No. 62 (FAC Ex. A).  Plaintiff uses the

18   registered trademark "SkyCover" to identify embodiments of the '269 Patent.  FAC ¶ 1.

19

20

---

[1] It appears that Plaintiff has still not served Defendants Brown, Newsom, and Dufty in their
21   individual capacity, notwithstanding the Court's October 12, 2011 Order advising Plaintiff to do so
if he wishes to pursue this action against them.  *See* ECF No. 60 at 4-5.  Pursuant to Federal Rule
22   of Civil Procedure 4(m), Plaintiff is required to serve all Defendants within 120 days of filing a
complaint in federal court.  More than 120 days have elapsed since this action was initiated.
23   Plaintiff's failure to serve any Defendants within 30 days of filing his Second Amended Complaint
pursuant to this Order will result in dismissal of such Defendants without prejudice.  *See* Fed. R.
24   Civ. P. 4(m).

[2] The Court assumes that the parties and readers of this Order have read the Court's October 12,
25   2011 Order Granting Defendant Douglas E. Goldman's Motion to Dismiss, Denying Plaintiff's
26   Motion for Preliminary Injunction, and Denying Plaintiff's Motion to Compel Response, *see* ECF
No. 60 ("Order"), and therefore will not repeat at length here the factual allegations summarized
27   therein, to the extent the FAC repeats facts alleged in the original Complaint.

28
Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS; GRANTING IN PART
AND DENYING IN PART CCSF'S JOINDER IN MOTION TO DISMISS; GRANTING UNITED STATES'
MOTION TO DISMISS; AND DENYING PLAINTIFF'S MOTION TO COMPEL

United States District Court
For the Northern District of California

1    The site of the alleged infringement is Stern Grove, a public park owned and maintained by

2  CCSF, which features an outdoor performance venue.  Since 1938, the Stern Grove Festival

3  Association ("SGFA") has organized and presented, through charitable donations, a series of

4  admission-free summer concerts open to the public and staged in Stern Grove's natural

5  amphitheater.  D. Goldman became the Director of SGFA in 1996.  *Id.* ¶ 46.

6    Plaintiff discovered Defendants' alleged infringement of the '269 Patent on June 20, 2005,

7  when he saw in the newspaper that the newly renovated Stern Grove – a public park owned and

8  maintained by CCSF – featured an embodiment of the '269 Patent covering the new performance

9  stage ("Stern Grove Canopy").  FAC ¶¶ 116, 120-21.  The $15 million Stern Grove park renovation

10  project was funded in large part by D. Goldman and R. Goldman and was jointly overseen by

11  CCSF and the Stern Grove Festival Association ("SGFA"), of which D. Goldman is the Director.

12  *Id.* ¶¶ 60, 63, 78, 98, 127.  Plaintiff alleges that he had previously shared his invention with CCSF

13  in 1998 during a meeting with the Mayor's Office, under the auspices of a signed Confidential

14  Disclosure Agreement, and that Defendants' infringement was therefore willful.  *Id.* ¶ 55.  Plaintiff

15  further alleges that, upon discovery of the alleged infringement, he immediately notified

16  Defendants, and for nearly six years thereafter diligently pursued non-litigation strategies for

17  resolving this dispute without resort to the courts.  *Id.* ¶¶ 67, 120, 122, 126.

18    **B.  Procedural History**

19    Plaintiff filed his original Complaint on March 3, 2011, alleging five causes of action: (1)

20  patent infringement; (2) unconstitutionality; (3) fraud; (4) unfair competition; and (5) negligence.

21  ECF No. 1.  On October 12, 2011, the Court granted Defendant D. Goldman's motion to dismiss

22  all claims, with leave to amend.  ECF No. 60 ("Order").  On November 8, 2011, Plaintiff filed his

23  FAC, which asserts the same five causes of action, and which repeats many of the same factual

24  allegations as in the original Complaint.  However, in response to the October 12, 2011 Order,

25  Plaintiff adds CCSF and the United States as Defendants, and elaborates on why he believes he is

26  entitled to equitable tolling.  *See generally* FAC.  D. Goldman filed a Motion to Dismiss Plaintiff's

27  FAC on November 28, 2011, *see* ECF No. 76; and CCSF filed a Joinder in that Motion on

28

3

Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS; GRANTING IN PART
AND DENYING IN PART CCSF'S JOINDER IN MOTION TO DISMISS; GRANTING UNITED STATES'
MOTION TO DISMISS; AND DENYING PLAINTIFF'S MOTION TO COMPEL

1   December 22, 2011, *see* ECF No. 86.  The United States filed a separate Motion to Dismiss on

2   January 20, 2012.  *See* ECF No. 89.  Plaintiff filed Oppositions to all three motions.  *See* ECF No.

3   80 ("Opp'n to Goldman"); ECF No. 92 ("Opp'n to CCSF"); ECF No. 104 ("Opp'n to U.S.").

## II. LEGAL STANDARD

5              Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if

6   it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, the

7   plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*

8   *Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  This "facial plausibility" standard requires the

9   plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted

10  unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  In deciding whether

11  the plaintiff has stated a claim, the court must assume the plaintiff's allegations are true and draw

12  all reasonable inferences in the plaintiff's favor.  *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir.

13  1987).  Pro se pleadings are to be construed liberally.  *Boag v. MacDougall*, 454 U.S. 364, 365

14  (1982) (per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  However, the court is not required to

15  accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or

16  unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

17             A Rule 12(b)(6) motion to dismiss on statute of limitations grounds may be granted "only if

18  the assertions of the complaint, read with the required liberality, would not permit the plaintiff to

19  prove that the statute was tolled."  *Morales v. City of L.A.*, 214 F.3d 1151, 1153 (9th Cir. 2000)

20  (citations omitted); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993)

21  (holding that a motion to dismiss on statute of limitations grounds should not be granted if "the

22  complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts

23  showing the potential applicability of the equitable tolling doctrine.").  "'A complaint cannot be

24  dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would

25  establish the timeliness of the claim.'"  *Von Saher v. Norton Simon Museum of Art at Pasadena*,

26  592 F.3d 954, 969 (9th Cir. 2010) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204,

27  1206 (9th Cir. 1995)).

28

*United States District Court*
*For the Northern District of California*

4

United States District Court
For the Northern District of California

Generally, when a complaint is dismissed, "leave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010); *see* Fed. R. Civ. P. 15(a). This is particularly true where the plaintiff is proceeding pro se. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Nonetheless, leave to amend may be denied if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). In addition, a motion to dismiss based on time bars may be granted without leave to amend where the face of the complaint establishes "facts that foreclose[] any showing of reasonable diligence." *Von Saher*, 592 F.3d at 969 (discussing *Orkin v. Taylor*, 487 F.3d 734, 742 (9th Cir. 2007)). Finally, the Court's "'discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

## III. DISCUSSION OF MOTIONS TO DISMISS

### A. Patent Infringement

#### 1. D. Goldman

Plaintiff's FAC alleges that D. Goldman "willfully, directly and indirectly induced and infringed the '269 [P]atent by earmarking and donating major charitable [f]unds from [his] non-profit family charity Funds." FAC ¶ 165. Defendant D. Goldman moves to dismiss Plaintiff's patent infringement claim against him.

The relevant provisions of federal patent law provide:

(a) . . . whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . infringes the patent. (b) Whoever actively induces infringement of a patent shall be liable as an infringer. (c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271.

5

1    The October 12, 2011 Order ruled that the original Complaint did not "plead sufficient facts

2    to state a claim against D. Goldman personally for direct infringement" under 35 U.S.C. § 271(a);

3    rather, "allegations of infringement appear[ed] to be directed at SGFA, of which D. Goldman is the

4    chairman of the Board."  Order at 7.  The Court therefore dismissed Plaintiff's direct infringement

5    claims against D. Goldman with leave to amend, allowing Plaintiff the opportunity to allege

6    grounds for piercing the corporate veil so as to hold D. Goldman personally liable for SGFA's

7    direct infringement.  *See id.* at 8-9.

8    Despite Plaintiff's bare and conclusory allegations that SGFA and CCSF are "Goldman

9    alter ego organization[s]," FAC ¶¶ 127, 162, Plaintiff does not allege facts adequate to state a claim

10   against D. Goldman.  Under patent law, "the 'corporate veil' shields a company's officers from

11   personal liability for direct infringement that the officers commit in the name of the corporation,

12   unless the corporation is the officers' 'alter ego.'"  *Wordtech Sys., Inc. v. Integrated Networks*

13   *Solutions, Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010) (quoting *Wechsler v. Macke Int'l Trade, Inc.*,

14   486 F.3d 1286, 1295 (Fed. Cir. 2007)).  To determine whether alter ego liability applies under §

15   271(a), courts must apply the law of the regional circuit.  *Wechsler*, 486 F.3d at 1295; *see also*

16   *Wordtech*, 609 F.3d at 1313; *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579

17   (Fed. Cir. 1986).  The Ninth Circuit applies the law of the forum state, which in this case is

18   California.  *Wechsler*, 486 F.3d at 1295 (citing *Towe Antique Ford Found. v. IRS*, 999 F.2d 1387,

19   1391 (9th Cir. 1993)).

20   "California courts generally treat the alter ego doctrine as a drastic remedy and disregard

21   the corporate form only reluctantly and cautiously."  *Id.*  In general, California courts allow the

22   corporate veil to be pierced "[o]nly when (1) 'there is such a unity of interest and ownership that

23   the individuality, or separateness, of the said person and the corporation has ceased,' and (2) 'an

24   adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or

25   promote injustice.'"  *Id.* (quoting *Firstmark Capital Corp. v. Hempel Fin. Corp.*, 859 F.2d 92, 94

26   (9th Cir. 1988)).  Here, Plaintiff's FAC alleges only that the "long-standing and influential

27   personal, economic, and political ties" create an alter ego relationship between D. Goldman and

28

Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS; GRANTING IN PART
AND DENYING IN PART CCSF'S JOINDER IN MOTION TO DISMISS; GRANTING UNITED STATES'
MOTION TO DISMISS; AND DENYING PLAINTIFF'S MOTION TO COMPEL

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1  SGFA and CCSF.  FAC ¶ 162.  Even taken in the light most favorable to Plaintiff, these allegations

2  are insufficient to show an obvious "unity of interest and ownership" between D. Goldman and

3  either of the two entities allegedly responsible for the direct infringement.  Moreover, the FAC falls

4  far short of showing that fraud or injustice would result from allowing Plaintiff's direct

5  infringement claim to proceed against CCSF but not against D. Goldman in his individual capacity.

6  As Plaintiff has already been given an opportunity to cure the deficiency in his pleadings and has

7  failed to do so, the Court DISMISSES with prejudice the claim that D. Goldman directly infringes

8  the '269 Patent.

9        Plaintiff also fails to allege sufficient facts that D. Goldman induced infringement in

10  violation of 35 U.S.C. § 271(b).  "To prevail on inducement, the patentee must show, first that

11  there has been direct infringement, and second that the alleged infringer knowingly induced

12  infringement and possessed specific intent to encourage another's infringement."  *Kyocera*

13  *Wireless Corp. v. ITC*, 545 F.3d 1340, 1353-54 (Fed. Cir. 2008) (internal quotation marks omitted);

14  *accord DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc).  As the Court

15  explained in its prior Order, "[i]nduced infringement requires more than mere knowledge of the

16  induced acts; rather, the accused must have 'knowledge that the induced acts constitute patent

17  infringement.'"  Order at 8 (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060,

18  2068 (2011)).  In *Global-Tech Appliances*, the Supreme Court held that the doctrine of willful

19  blindness applies to inducement of infringement claims such that a defendant may not avoid

20  inducement liability by deliberately avoiding actual knowledge that the acts it induces constitute

21  patent infringement.  *Global-Tech Appliances*, 131 S. Ct. at 2069.  Thus, a plaintiff may establish

22  inducement liability under a theory of willful blindness by showing that: (1) the defendant

23  subjectively believes that there is a high probability that a fact exists, and (2) the defendant took

24  deliberate actions to avoid learning of that fact.  *Id.* at 2070.  "[P]utting *Global-Tech* together with

25  *Iqbal*, the question before the Court on [D. Goldman's] motion[] to dismiss is whether [Plaintiff]

26  has plead sufficient facts . . . for the Court to *infer* that [D. Goldman] had knowledge of

27  [Plaintiff's] patent[] and that the [Stern Grove Canopy] infringed on [that] patent[]" at the time of

28
7

his alleged acts of inducement.  *See Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10c715, 2011 WL 3946581, at *3 (N.D. Ill. Sept. 2, 2011) (Kendall, J.) (emphasis in original); *accord Weiland Sliding Doors and Windows, Inc. v. Panda Window and Doors, LLC*, No. 10CV677, 2012 WL 202664, at *4 (S.D. Cal. Jan. 23, 2012) (Sammartino, J.).

        Plaintiff fails to show the concurrence of knowledge and action necessary to establish D. Goldman's liability under § 271(b) for induced infringement.  All of D. Goldman's alleged acts of inducement occurred prior to August 9, 2005, when Plaintiff first sent a letter to D. Goldman notifying him of the alleged infringement.  FAC ¶ 137.  Plaintiff alleges that, in 1999, D. Goldman conferred with the hired designer of the Stern Grove Renewal Project and witnessed "first sketches of the work," FAC ¶¶ 56, 72, 78, and that in 2000 or 2001, he donated $2 million to SGFA for the Renewal Project, which included construction of the accused product, FAC ¶ 127.  However, Plaintiff does not allege that D. Goldman had any knowledge of the '269 Patent prior to August 9, 2005.  Although Plaintiff alleges that as early as 1998, under the terms of a Confidential Disclosure Agreement, he disclosed to someone in the Mayor's Office the designs for his invention and the fact that he had a patent application pending for the RCS, *see* FAC ¶ 55, he fails to allege how or when this information was conveyed to D. Goldman in advance of his charitable donation to the Stern Grove Renewal Project, stating only that the Goldmans and the City "share long-standing ties," FAC ¶ 70.  Furthermore, Plaintiff says that he himself did not initially suspect infringement based on the designer's publicly disclosed drawings, which were "'sketchy' and with no suggestion of a SkyCover."  FAC ¶ 105.  In short, Plaintiff has not adequately alleged facts from which the Court can draw a plausible inference that D. Goldman knew of or was willfully blind to the existence of the '269 Patent at the time of his charitable donation, nor that he knew his funds would be used to infringe the '269 Patent.   Plaintiff furthermore fails to allege that D. Goldman engaged in any acts that induced infringement after he learned of the '269 Patent in 2005.  Thus, Plaintiff has failed to plead that D. Goldman knowingly induced any acts of infringement and that he had the requisite specific intent to induce such infringement.  Accordingly, the Court DISMISSES Plaintiff's claim of active inducement against D. Goldman.  In light of Plaintiff's pro se status and

Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS; GRANTING IN PART
AND DENYING IN PART CCSF'S JOINDER IN MOTION TO DISMISS; GRANTING UNITED STATES'
MOTION TO DISMISS; AND DENYING PLAINTIFF'S MOTION TO COMPEL

the possibility that he can cure his pleading deficiency with the assistance of pro bono counsel, however, the Court dismisses this claim without prejudice.

### 2. CCSF

Plaintiff's FAC seems to allege that Defendant CCSF directly infringed, and continues to infringe, the '269 Patent through the acts of its public officials. FAC ¶¶ 163-64. CCSF does not move to dismiss the patent infringement claim against CCSF, but instead moves only to strike the patent infringement claim pursuant to Rule 12(f) for failure to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See* Joinder at 5-6; Goldman Mot. at 18-20 (moving to strike under Rules 8(a)(2), 9(b), and 12(f)).

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," while Rule 12(f) allows the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." A matter is immaterial if it "has no essential or important relationship to the claim for relief" pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citation omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). A matter is impertinent if it does "not pertain, and [is] not necessary, to the issues in question." *Id.* "'The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Id.* (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)); *accord Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits. To that end, courts have held that a motion to strike matter from a complaint simply for being redundant, immaterial, impertinent, or scandalous "should only be granted if 'the matter has no logical connection to the controversy at issue *and* may prejudice one or more of the parties to the suit.'" *N.Y. City Emps.' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (Ware, J.) (quoting *Rivers v. Cnty. of Marin*, No. C 05-4251, 2006 WL 581096, at *2 (N.D. Cal. 2007) (Illston, J.)). "Where the moving party cannot

9

1   adequately demonstrate such prejudice, courts frequently deny motions to strike 'even though the

2   offending matter literally [was] within one or more of the categories set forth in Rule 12(f).'"  *Id.*

3   (quoting *Rivers*, 2006 WL 581096, at *2); *see also* Charles A. Wright & Arthur R. Miller, *Federal*

4   *Practice and Procedure* § 1382 (1990).  Furthermore, as already noted above, the Court construes

5   pro se pleadings liberally.  *Boag*, 454 U.S. at 365.

6      Although the Court's October 12, 2011 Order advised Plaintiff that he must comply with

7   Rules 8(a)(2) and 12(f), the Court did not consider the merits of D. Goldman's first motion to strike

8   portions of the original Complaint, as the motion was mooted by the Court's dismissal without

9   prejudice of the original Complaint.  *See* Order at 13.  D. Goldman's new Motion to Dismiss does

10  not identify what portions of the FAC are subject to be stricken under Rule 12(f), instead merely

11  asserting as a general matter that portions of the FAC are prolix or repetitive.  *See* Mot. at 18-21.

12  In its Joinder, CCSF adds no analysis or argument, simply asserting that "the First Cause of

13  Action" should be stricken "for failure to comply with Rules 8(a)(2) and 12(f)."  Joinder at 6.

14  Where a Rule 12(f) motion is really an attempt to dismiss certain claims, the Ninth Circuit has held

15  that a Rule 12(b)(6) motion or a Rule 56 motion is the more proper vehicle.  *See Whittlestone*, 618

16  F.3d at 974; *see also Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) ("Rule 12(f) is

17  'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'"

18  (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380, at 782

19  (1969)).  CCSF in its Joinder has not identified how Plaintiff's patent infringement claim against

20  CCSF is redundant, immaterial, impertinent, or scandalous, nor has it shown how CCSF is

21  prejudiced by any of the matter asserted in the FAC.  Accordingly, the Court DENIES CCSF's

22  Rule 12(f) motion to strike the First Cause of Action for patent infringement.

23      **B.  State Law Claims**

24      In its October 12, 2011 Order, the Court dismissed Plaintiff's state claims of fraud, unfair

25  competition, and negligence as barred by their respective statutes of limitation,[3] but granted leave

26  
27  [3] As explained in the Court's October 12, 2011 Order, Plaintiff's state law claims are subject to the
    following statutes of limitation: (1) three years for fraud, *see* Cal. Code Civ. P. § 338(d); (2) four

28  Case No.: 11-CV-00991-LHK
    ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS; GRANTING IN PART
    AND DENYING IN PART CCSF'S JOINDER IN MOTION TO DISMISS; GRANTING UNITED STATES'
    MOTION TO DISMISS; AND DENYING PLAINTIFF'S MOTION TO COMPEL

United States District Court
For the Northern District of California

to amend to allow Plaintiff an opportunity to plead facts that would entitle him to equitable tolling. Plaintiff has failed to do so in his FAC, and thus the state claims are dismissed with prejudice.

As explained in the previous Order, a party asserting equitable tolling must demonstrate that: (1) he has been diligent in pursuing his rights, and (2) "'extraordinary circumstances beyond [his] control made it impossible to file the claims on time.'" *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006) (quoting *Seattle Audubon Soc'y v. Robertson*, 931 F.2d 590, 595 (9th Cir. 1991)); *see Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The doctrine is to be applied sparingly and is reserved only for "extreme cases," such as when the claimant has been tricked by an adversary into letting a deadline expire, an administrative agency's notice of the statutory period is clearly inadequate, or when the statute of limitations is not complied with solely due to defective pleadings. *Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992); *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Courts are "generally unforgiving, however, when a late filing is due to [a litigant's] failure 'to exercise due diligence in preserving his legal rights.'" *Scholar*, 963 F.2d at 268 (quoting *Irwin*, 498 U.S. at 96).

In Plaintiff's original complaint, he alleged that his untimely filing of his state law claims was due primarily to (1) his financial inability to obtain and retain counsel; (2) his own lack of legal expertise; and (3) his good faith reliance on Defendants' representations that the matter could be resolved amicably without resort to the courts. *See* Order at 10. Although Plaintiff adds a section to his FAC dedicated to equitable tolling and further elaborates on the reasons why he delayed bringing these causes of action, he still fails to demonstrate entitlement to equitable tolling of his time-barred claims.

---

years for unfair competition, *see* Cal. Bus. & Prof. Code § 17200 *et seq.*; and (3) four years for a negligence claim based on California Corporations Code § 5231, *see* Cal. Corp. Code § 5231. *See* Order at 11-13. Under California law, "[a] cause of action accrues when the claim is complete with all of its elements." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). Here, Plaintiff's fraud, unfair competition, and negligence claims all stem from the alleged patent infringement, which Plaintiff discovered in June 2005. Thus, all of his state law claims accrued as of June 2005. Plaintiff did not file his action until March 2011, and therefore all of his state law claims are time barred.

11

United States District Court
For the Northern District of California

1    First, as before, Plaintiff cannot rely on his financial inability to obtain and retain counsel or

2    his own lack of legal expertise as bases for equitable tolling of his claims. *See* FAC ¶ 29. If a

3    plaintiff's financial inability to retain counsel or personal lack of legal expertise alone were

4    sufficient to invoke the principles of equitable tolling, all pro se plaintiffs would be able to

5    circumvent the applicable statutes of limitations and delay prosecution of their claims, to the

6    detriment of defendants. These generic grounds do not exemplify the "extraordinary

7    circumstances" required to justify equitable tolling of the statutes of limitations for Plaintiff's state

8    law claims here.

9        Likewise, while Plaintiff's good faith efforts to resolve this dispute with Defendants

10   without litigation are admirable, they are not sufficient grounds for equitable tolling,

11   notwithstanding Plaintiff's appeal to the "vast difference in [m]arket [p]ower between Plaintiff and

12   Defendants" and the "complex interweaving and historical interaction of Defendants." FAC ¶ 15.

13   Plaintiff alleges that Defendants ignored him and "misrepresent[ed] . . . legal case findings," FAC ¶

14   133, but he does not allege that they tricked him into letting a deadline expire or took any other

15   actions that "made it impossible [for him] to file the claims on time," *Huynh*, 465 F.3d at 1004

16   (internal quotation marks and citation omitted). While the Court appreciates Plaintiff's feelings of

17   frustration at being allegedly ignored by Defendants, it was Plaintiff's own responsibility "'to

18   exercise due diligence in preserving his legal rights'" and to bring suit in a timely manner.

19   *Scholar*, 963 F.2d at 268 (quoting *Irwin*, 498 U.S. at 96).

20       Plaintiff also alleges that 2008 "was a year of frustration, anxiety, cancer and recuperation,"

21   involving "radiation treatment / 6 months convalescence." FAC ¶¶ 130, 137. Again, while the

22   Court is sympathetic to Plaintiff's medical issues, his allegations fall short of establishing that this

23   is the extreme and rare case where equitable tolling is warranted. Plaintiff does not allege that his

24   medical condition in 2008 rendered him unable to pursue his legal rights during the relevant time

25   period, or that the time period of his incapacitation was long enough to justify the delay of several

26   years in filing his claims. *See Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), *reh'g*

27   *granted, op. modified*, 477 F.3d 1165 (9th Cir. 2006); *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056,

28

12

Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS; GRANTING IN PART
AND DENYING IN PART CCSF'S JOINDER IN MOTION TO DISMISS; GRANTING UNITED STATES'
MOTION TO DISMISS; AND DENYING PLAINTIFF'S MOTION TO COMPEL

United States District Court
For the Northern District of California

1060-61 (9th Cir. 2007). Accordingly, Plaintiff's alleged medical issues and treatment are insufficient to toll the applicable statutes of limitations.

Finally, Plaintiff cannot rely on the six-year statute of limitations for his patent infringement claim under 35 U.S.C. § 286 to equitably toll his state law claims. *See* FAC ¶ 29. Plaintiff alleges, without basis, that "[b]ecause the infringement has . . . been the true basis of this action, 'elements' [for the other claims] truly didn't in any way 'accrue' for Plaintiff until 2010, after RN Goldman refused a final time to respond or intercede." *Id.* Title 35 applies only to patent law and is not applicable to claims relating to fraud, unfair competition, or negligence. Thus, this last argument is also insufficient to support equitable tolling.

In conclusion, Plaintiff's state law claims of fraud, unfair competition, and negligence, are all time barred, and despite being given leave once before to plead facts supporting application of the equitable tolling doctrine, Plaintiff fails to do so. Because the running of the applicable statutes is apparent on the face of the FAC, and because this ground for dismissal applies equally to all Defendants, the Court DISMISSES with prejudice Plaintiff's fraud, unfair competition, and negligence claims as to all Defendants.

### C. Unconstitutionality

#### 1. D. Goldman and CCSF

Finally, the FAC alleges "Unconstitutionality" as a Cause of Action. FAC ¶¶ 170-71. Plaintiff argues that patent law in its current form does not provide adequate legal remedies for individual patentees like himself. *Id.*; *see* Order at 9-10. He appears to take issue specifically with the Manual of Patent Examining Procedure ("MPEP") Appendix R Section 1.27, which Plaintiff claims disadvantages individual inventors. The Court previously dismissed Plaintiff's unconstitutionality claim against D. Goldman because: (1) Plaintiff failed to allege "that Defendant has any affiliation with the United States Patent Office or any other governmental entity responsible for authoring or implementing the [Manual of Patent Examining Procedure]," and (2) Plaintiff failed to bring his unconstitutionality claim within the four year statute of limitations for

13

civil actions arising under an Act of Congress, and failed to establish entitlement to equitable

tolling.  *See* Order at 10-11 (citing 28 U.S.C. § 1658(a)).

On this count, Plaintiff's FAC fares no better than his original complaint.  Neither D.

Goldman nor CCSF is alleged to have any role in enacting, enforcing, or implementing the federal

Patent Law or the Manual of Patent Examining Procedure.  Furthermore, Plaintiff's

unconstitutionality claim is time barred, and as previously discussed, he fails to allege facts

sufficient to establish equitable tolling.  Plaintiff's claim of unconstitutionality against D. Goldman

and CCSF is therefore DISMISSED with prejudice.

### 2.  United States

As an additional ground for dismissal, the United States argues that Plaintiff lacks standing

to bring his unconstitutionality claim because he has not shown and cannot show that any injury

suffered is traceable to the challenged regulation or that any injury is redressable by this Court.

The Court agrees.  The "irreducible constitutional minimum of standing" under Article III contains

three elements.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  A plaintiff must show:

"[(]1) an injury in fact which is 'actual, concrete, and particularized'; [(]2) a causal connection

between that injury and the defendant's conduct; and [(]3) a likelihood that the injury can be

redressed by a favorable decision of the court."  *Get Outdoors II, LLC v. City of San Diego, Cal.*,

506 F.3d 886, 891 (9th Cir. 2007) (quoting *Lujan*, 504 U.S. at 560-61); *accord Oliver v. Ralphs*

*Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011).  Plaintiff makes clear in his opposition that

"Plaintiff is not asking to 'invalidate' any patent regulations.  Rather, he is arguing that [the]

United States has failed altogether to establish regulations that would 'secure' his constitutional

rights."  Opp'n to U.S. at 18.  Plaintiff argues that his injury arises from the absence of adequate

protections for individual inventors under the existing patent laws, and the relief he appears to be

seeking is an injunction compelling the United States or the Department of Justice "to compel the

creation of patent regulations . . . to provide [i]nventors the protection they need."  Opp'n to U.S. at

22.  This Court is without power to order the United States Congress to enact new patent

legislation, as all legislative powers are vested exclusively in the Legislative Branch.  *See* U.S.

14

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    Const. art. I, § 1; *see also Buckley v. Valeo*, 424 U.S. 1, 119 (1976) ("[T]he doctrine of separation

2    of powers . . . is at the heart of our Constitution."). Plaintiff has not identified any existing statute

3    or regulation that has caused his alleged injury of patent infringement, nor has he requested a form

4    of relief that this Court can award. Accordingly, the United States' motion to dismiss Plaintiff's

5    claim of unconstitutionality is DISMISSED with prejudice.

6    **IV. DISCUSSION OF MOTION TO COMPEL RESPONSE**

7            Finally, the Court considers Plaintiff's motion to compel response from the Estate of R.

8    Goldman, filed on January 1, 2012, in which Plaintiff requests "that the Court employ whatever

9    methods may be at its disposal for compelling a response from the Estate of RN Goldman . . . to

10   assure equitable treatment of all parties." Mot. to Compel at 2. Plaintiff contends he has received

11   "no response to [his] summons from the Estate or survivors of deceased defendant Richard N

12   Goldman."[4]  Mot. to Compel at 2.

13           As the Court noted in its October 12, 2011 Order, "[a] federal court does not have

14   jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of

15   Civil Procedure] 4." Order at 4 (citing *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*,

16   840 F.2d 685, 688 (9th Cir. 1988)). The Certificate of Service of Summons and First Amended

17   Complaint shows that Plaintiff attempted to serve the Richard N. Goldman Estate via the Richard

18   and Rhoda Goldman Fund. *See* ECF Nos. 71 (Summons), 84 (Certificate of Service). Plaintiff

19   previously attempted to serve Richard N. Goldman in his official capacity as Chairman of the

20   Richard and Rhoda Goldman Fund ("Goldman Fund") by mailing a copy of the original Complaint

21   to Gregory L. Lippetz, Esq. *See* ECF No. 20. Plaintiff appears to believe that Attorney Lippetz is

22   the proper agent to accept service on behalf of R. Goldman's Estate for two reasons: (1) Attorney

23   Lippetz represents D. Goldman, son of R. Goldman and putative principal heir to the R. Goldman

24   Estate, *see* Mot. to Compel at 5; and (2) in 2007, when Plaintiff first tried to contact R. Goldman

25   regarding the alleged patent infringement by writing to the Goldman Fund, the Goldman Fund's

26   Executive Director Amy Lyons directed Plaintiff to speak with Attorney Lippetz, *see id.* at 3.

27   ───────────────
     [4] R. Goldman died in November 2010, a few months before this action was filed. *See* Order at 6.

28                                                      15
     Case No.: 11-CV-00991-LHK
     ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS; GRANTING IN PART
     AND DENYING IN PART CCSF'S JOINDER IN MOTION TO DISMISS; GRANTING UNITED STATES'
     MOTION TO DISMISS; AND DENYING PLAINTIFF'S MOTION TO COMPEL

**United States District Court**
For the Northern District of California

1    In response to the instant Motion to Compel, Attorney Lippetz filed a declaration stating,

2    "Neither I nor my firm are or ever have been counsel for Richard N. Goldman, his Estate[,] or the

3    Richard and Rhoda Goldman [F]und." ECF No. 90 ¶ 3. Attorney Lippetz clarified at the March 8,

4    2012 hearing that he represents SGFA and its officers and directors, and therefore represents D.

5    Goldman solely in his capacity as a director of SGFA, not in his personal capacity. Based on

6    Attorney Lippetz's representations, it appears that Plaintiff has not properly served R. Goldman's

7    Estate.

8    If R. Goldman left an Estate, then any claims filed against the Estate must be served on the

9    Estate's personal representative. *See* Cal. Prob. Code § 9820 ("The personal representative may . .

10    . [d]efend actions and proceedings against the decedent, the personal representative, or the

11    estate."); *id.* § 9150(b). Plaintiff therefore must ascertain the identity of the personal representative

12    of the Estate and serve his Complaint upon that person or entity. "The 'personal representative' is

13    the person or firm appointed by the probate court to administer the probate of a decedent's estate."

14    *Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore*, 162 Cal. App. 4th 1331,

15    1340 (2008). Plaintiff should be able to identify the personal representative of R. Goldman's

16    Estate by inquiring at the Probate Court in the County where R. Goldman was domiciled. *See* Cal.

17    Prob. Code § 7051.

18    While the Court is sympathetic to the difficulties Plaintiff has faced as a pro se litigant, the

19    Court is without authority to compel the participation of a non-party who has not been properly

20    served. To the extent Plaintiff may wish to compel another party to disclose information that

21    would facilitate service on R. Goldman's Estate and personal representative, Plaintiff may attempt

22    to do so through a discovery request. However, because Plaintiff does not yet appear to have

23    properly served R. Goldman's Estate, Plaintiff's motion to compel a response from the Estate at the

24    present time is DENIED without prejudice.[5]

25

26    [5] As a final note, the Court advises Plaintiff that much of the analysis discussed in this Order would appear to apply equally to R. Goldman's Estate. Thus, of the claims pleaded in the FAC, it appears

27    likely that only Plaintiff's patent infringement claim could conceivably survive a motion to dismiss brought by R. Goldman's Estate, should the Estate properly become a party to this suit.

28

16

Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS; GRANTING IN PART
AND DENYING IN PART CCSF'S JOINDER IN MOTION TO DISMISS; GRANTING UNITED STATES'
MOTION TO DISMISS; AND DENYING PLAINTIFF'S MOTION TO COMPEL

1

**V. CONCLUSION**

2          For the foregoing reasons, the Court orders as follows: (1) D. Goldman's motion to dismiss

3    is GRANTED with prejudice as to Plaintiff's claims of direct infringement, fraud, unfair

4    competition, negligence, and unconstitutionality; and GRANTED without prejudice as to

5    Plaintiff's inducement of infringement claim; (2) CCSF's motion to dismiss Plaintiff's claims of

6    fraud, unfair competition, negligence, and unconstitutionality is GRANTED with prejudice; (3)

7    CCSF's motion to strike Plaintiff's patent infringement claim is DENIED; (4) the United States'

8    motion to dismiss all claims against it is GRANTED with prejudice; and (5) Plaintiff's motion to

9    compel response from R. Goldman's Estate is DENIED without prejudice.  Any amended

10   complaint must remedy the deficiencies identified above and must be filed and served within 21

11   days of the date of this Order or will be dismissed with prejudice as to D. Goldman.  Plaintiff may

12   not add new causes of action or parties without leave of the Court or stipulation of the parties

13   pursuant to Federal Rule of Civil Procedure 15(a)(2).

14   **IT IS SO ORDERED.**

15

16   Dated:  March 19, 2012                          _Lucy H. Koh_____

17                                                   LUCY H. KOH
                                                     United States District Judge

18

19

20

21

22

23

24

25

26

27

28

Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS; GRANTING IN PART
AND DENYING IN PART CCSF'S JOINDER IN MOTION TO DISMISS; GRANTING UNITED STATES'
MOTION TO DISMISS; AND DENYING PLAINTIFF'S MOTION TO COMPEL

United States District Court
For the Northern District of California