Gregory L. Lippetz (State Bar No. 154228)
glippetz@jonesday.com
Edison T. Lin (State Bar No. 241013)
elin@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:   650-739-3939
Facsimile:    650-739-3900

Attorneys for Defendant
Douglas E. Goldman, M.D.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RICHARD T. McREE, pro se,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD N. GOLDMAN, et al.,<br><br>　　　　　Defendants. | Case No. 5:11-cv-00991 - LHK<br><br>**DEFENDANT DOUGLAS E. GOLDMAN, M.D.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:　　August 30, 2012<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 8, 4th Floor<br>Judge:　　Honorable Lucy H. Koh |

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE that on August 30, 2012 at 1:30 p.m., or as soon thereafter as

3  the matter may be heard in Courtroom 8 in the United States District Court for the Northern

4  District of California, located at 280 South First Street, San Jose, CA 95113, Defendant Douglas

5  E. Goldman, M.D. ("Defendant D. Goldman"), through its undersigned counsel will, and hereby

6  does, move to dismiss Plaintiff Richard T. McRee's Second Amended Complaint for Induced

7  Infringement and Direct Infringement as against Defendant D. Goldman, pursuant to Rule 12(b)(6)

8  of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be

9  granted.

10  The Motion is based on this Notice of Motion and Motion, the supporting Memorandum

11  of Points and Authorities, the complete files and records in this action, and such additional

12  materials and arguments as may be considered at the hearing on the Motion.

13  Dated: April 23, 2012                         Respectfully submitted,

14                                               Jones Day

15

16                                               By:  /s/ Edison T. Lin
                                                      Edison T. Lin
17

18                                               *Counsel for Defendant*
                                                 Douglas E. Goldman, M.D.

- 1 -

**DONALD GOLDMAN'S MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**
**Case No. 11-cv-0991 LHK**

## I. INTRODUCTION

The Court previously dismissed with prejudice all of Plaintiff's direct infringement, fraud, unfair competition, negligence, and unconstitutionality claims against Defendant Douglas E. Goldman ("Defendant D. Goldman")[1]. (ECF No. 109 at 17.) In view of Plaintiff's pro se status and "the possibility that he can cure his pleading deficiency with the assistance of pro bono counsel," the Court dismissed Plaintiff's claim for inducement of infringement against Defendant D. Goldman without prejudice. (ECF No. 109 at 9.) The Court cautioned the Plaintiff, however, that "[a]ny amended complaint must remedy the deficiencies identified." (ECF No. 109 at 17.) On April 9, 2011, Plaintiff filed a Second Amended Complaint ("SAC"). Notwithstanding the Court's instructions, Plaintiff fails yet again to properly plead a claim of inducement against Defendant D. Goldman. Because Plaintiff has now had three opportunities to comply with the pleading requirements, and there is no evidence that further amendments will be productive, Plaintiff's inducement claims against Defendant D. Goldman should be dismissed with prejudice.

## II. ARGUMENT

As with Plaintiff's original Complaint and First Amended Complaint ("FAC"), Defendant D. Goldman has tried to ascertain the essence of Plaintiff's claims. In the sections below, we address what appear to be Plaintiff's inducement claims against Defendant D. Goldman.

### A. The SAC Fails to Plead that Defendant D. Goldman Had Knowledge of the '269 Patent During the Relevant Time Period.

Plaintiff's claims against Defendant D. Goldman should be dismissed because the SAC fails to allege that Defendant D. Goldman had knowledge of the patent-in-suit during the relevant time period. As the Court explained in its March 22, 2012 Order, in order to plead a claim for inducement, "the patentee must show, *first that there has been direct infringement*, and second that the alleged infringer *knowingly induced infringement* and possessed specific intent to

---

[1] To the extent that Plaintiff is still asserting direct infringement claims against Defendant D. Goldman, that claim should be dismissed (again) with prejudice. In the Second Amended Complaint, Plaintiff still refers to "Claim for Induced *and Direct* Infringement" and cites 35 U.S.C. § 271(a). (ECF No. 111 at 12; emphasis added.) The Court has already dismissed Plaintiff's direct infringement claims against Defendant D. Goldman with prejudice. (ECF No. 109 at 17.) Hence, any such claims against Defendant D. Goldman are not allowed.

- 2 -

**DONALD GOLDMAN'S MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**
Case No. 11-cv-0991 LHK

1  encourage another's infringement." (ECF No. 109 at 7; emphasis added.) Concerning direct
2  infringement, 35 U.S.C. § 271(a) provides that "whoever without authority *makes, uses* . . . any
3  patented invention . . . infringes the patent." Concerning inducement, 35 U.S.C. § 271(b) states
4  that "[w]hoever actively induces infringement of a patent shall be liable as an infringer."
5  (Emphasis added.) Moreover, the Court cautioned that, in order for Plaintiff's claims to survive,
6  "the plaintiff must allege enough facts to state a claim to relief that is plausible on its face." (ECF
7  No. 109 at 4; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); internal quotation
8  marks omitted.) Also, allegations that are "conclusory, unwarranted deductions of fact, or
9  unreasonable inferences," or merely present "a sheer possibility that a defendant has acted
10 unlawfully" are not enough. (ECF No. 109 at 4; quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d
11 1049, 1055 (9th Cir. 2008) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009),
12 respectively.)

13     In the SAC, Plaintiff alleges that, in May 1994, he "had a confidential meeting with the
14 Giants (Bair and Mirza) seeking sponsorship" for conducting a "Beta Test Site feasibility study."
15 (ECF No. 111 at 7.) He further alleges that he "confided his experimental RCS work with Giants
16 Administration (Bair and Mirza) while seeking sponsorship for the recommended experimental
17 feasibility study." (ECF No. 111 at 7.) Plaintiff then claims that because "RN Goldman was the
18 General Owner of the San Francisco Giants baseball franchise in 1994," "[i]t was from that
19 meeting that RN Goldman learned of SkyCover and plaintiff's RCS work." (ECF No. 111 at 7.)
20 Also, Plaintiff alleges that after the passing of Defendant D. Goldman's mother in 1996,
21 Defendant D. Goldman "began dealing more closely with the Mayors Office regarding the
22 operations of the CCSF venue at Stern Grove." (ECF No. 111 at 8.) Plaintiff alleges that in 1998,
23 while the application for the '269 patent was pending, he met with the Special Assistant of the
24 Mayor at the time, and "suggested aside a SkyCover for Stern Grove." (ECF No. 111 at 8.) In
25 December 1999, the '269 Patent issued.

26     For Plaintiff's inducement claims against Defendant D. Goldman to survive, Plaintiff has
27 to allege (i) that there has been direct infringement and (ii) that Defendant Goldman had
28 knowledge of the '269 Patent and knowingly induced acts that constituted patent infringement.

- 3 -

DONALD GOLDMAN'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 11-cv-0991 LHK

Before the accused Stage Covering at Stern Grove was built, Plaintiff cannot point to the *use* of the Stage Covering as the direct infringing act. Hence, Plaintiff could at most point to the making or *construction* of the Stage Covering, which occurred prior to June 2005, as the act of direct infringement. However, while the SAC contains a litany of accusations, all alleged notification of the '269 Patent occurred either prior to the issuance of patent-in-suit, or *after* the construction of the Stage Covering. In other words, the SAC fails to allege that Plaintiff notified anyone, including Defendant D. Goldman, that he had an issued patent at any relevant time period ***before or during*** the construction of the Stage Covering. First, while Plaintiff appears to allege that the defendants had learned of "plaintiffs '269 Patent inventions as early as 1994," defendants could not have had knowledge of the issued '269 Patent in 1994. (ECF No. 111 at 12.) This is because, as stated on the face of the '269 patent, its issue date is December 21, 1999. Hence, logic dictates that Plaintiff cannot allege that Defendant D. Goldman had knowledge of the *issued* '269 Patent between 1994 and December 1999. Second, the SAC also fails to allege that Defendant D. Goldman gained knowledge of the issued '269 Patent before or during the construction of the accused Stage Covering. The SAC concedes that "Plaintiff never met DE Goldman." (ECF No. 111 at 8.) At most, Plaintiff has only alleged the following: (i) after he "confided his experimental RCS work with Giants Administration (Bair and Mirza)" in 1994, Richard N. Goldman ("R. Goldman"), *not* Defendant D. Goldman, somehow learned about "SkyCover and plaintiff's RCS work"; and (ii) after the passing of Defendant D. Goldman's mother, Defendant D. Goldman "began dealing more closely with the Mayor's Office regarding the operations of the CCSF venue at Stern Grove." (ECF No. 111 at 7 and ECF No. 111 at 8, respectively.) To conclude, as Plaintiff apparently has, that the foregoing allegations show that Defendant D. Goldman had knowledge of the '269 patent prior to or during the construction of the Stage Covering, requires one to engage in "unwarranted deductions of fact, or unreasonable inferences." (*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008))

As Plaintiff has failed to demonstrate that Defendant D. Goldman had knowledge of the '269 Patent before or during the construction of the Stage Cover (the direct infringing act), he has failed to plead that Defendant D. Goldman "knowingly induced infringement." Therefore,

Plaintiff's claims of inducement against Defendant D. Goldman, to the extent they are based on Defendant D. Goldman's alleged inducement of the construction of the Stage Covering, should be dismissed.

### B. The SAC Fails to Allege Conduct Sufficient to Hold Defendant D. Goldman Liable for Inducement of Infringement.

#### (i). *Defendant D. Goldman's Donation of Funds to SGFA Cannot Constitute the Requisite Inducing Act Under 35 U.S.C. § 271(b).*

Plaintiff has not alleged that Defendant D. Goldman committed any act that would legally support a claim for inducement. The sole act that Plaintiff alleges was committed by Defendant D. Goldman is his donation of funds to SGFA. Plaintiff alleges that Defendant D. Goldman's allocation and contribution of "majority seed funds . . . ***induced*** the direct infringement of the '269 Patent." (ECF No. 111 at 12; emphasis added.)

A case decided under copyright law supports the conclusion that an investor (or donor) cannot be liable for allegedly infringing conduct of the entity in which they invest. In *UMG Recordings, Inc. v. Veoh Networks, Inc.*, UMG sued Veoh for copyright infringement. In its First Amended Complaint, UMG named three investors in Veoh as defendants on the theories of secondary liability. Subsequently, UMG filed a Second Amended Complaint ("SAC") that provided additional factual allegations against the defendant investors. In response, the investor defendants filed a motion to dismiss the SAC. The Court ruled in favor of the investor defendants and held that providing funding is not the same as providing the mechanisms and instruments by which the alleged infringement was achieved. *See UMG Recordings, Inc. v. Veoh Networks, Inc.*, Case No. CV 07-5744 AHM (AJWx), 2009 U.S. Dist. LEXIS 70553, at *19 (C.D. Cal. May 5, 2009). Furthermore, the Court stated that "[i]f liability could attach to a defendant who provided *any* essential element of a business -- from electricity to courier service -- there would be no limits to secondary copyright liability. . . . As the Ninth Circuit noted, 'that Defendants have the power to undermine the commercial viability of infringement does not demonstrate that the Defendants materially contribute to that infringement.' ***This reasoning applies to the Investor Defendants' contributions of capital to Veoh.***" (*Id.* at 19-20; emphasis added.)

1  Here, Plaintiff alleges that Defendant D. Goldman "allocate[d] and contribute[d] majority seed funds that thereafter *induced* the direct infringement of the '269 Patent." (ECF No. 111 at 12; emphasis added.) The court's reasoning in *UMG Recordings* should apply equally here. If courts were to allow patent infringement liability to be attached to a defendant who simply provided funds to a business or operation, the number of potential patent infringement defendants would vastly increase. Consequently, Defendant D. Goldman should not be held liable for patent infringement simply because he donated funds to a charitable organization.

      *(ii).*    *Defendant D. Goldman's Alleged "Obstruction" of Plaintiff's Effort to Defend the '269 Patent Also Cannot Constitute the Requisite Inducing Act Under 35 U.S.C. § 271(b).*

Plaintiff's vague assertion that Defendant D. Goldman's obstruction of his "efforts to defend his work and the '269 Patent" somehow leads to inducement of infringement should also be rejected. As the Supreme Court explained in *Global-Tech Appliances, Inc. v. SEB S.A.*, "inducement *must involve the taking of affirmative steps* to bring about the desired result." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2065 (2011) (Emphasis added.) In the SAC, Plaintiff alleges that since June 2005, defendants received notice of the infringement of the '269 patent and "obstructed plaintiff's efforts to defend his work and the '269 Patent, *and/or thus induced others* in turn to continue their own infringement and disregard plaintiff." (ECF No. 111 at 13; emphasis added.) In other words, Plaintiff appears to have at most alleged that Defendant D. Goldman somehow "obstructed" or hindered his effort to "defend" the '269 patent, but did not allege that Defendant D. Goldman took "affirmative steps" to induce others to infringe the '269 Patent. Hence, what Plaintiff has pled is insufficient and his inducement claims under 35 U.S.C. § 271(b) against Defendant D. Goldman should be dismissed.

    **C.**    **Plaintiff's Inducement Claims Against Defendant D. Goldman Should Be Dismissed with Prejudice**

Plaintiff's inducement claims against Defendant D. Goldman should be dismissed with prejudice because (i) the SAC fails to comply with the Court's order granting leave to amend, (ii) fails to cure deficiencies in Plaintiff's original Complaint and FAC, and (iii) fails to demonstrate

- 6 -

1  that any additional amendments will be productive.  Rule 41(b) authorizes dismissal for failure of
2  Plaintiff to comply with a court order.  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986-988 (9th Cir.
3  1999).  When assessing the propriety of a motion for leave to amend, five factors are frequently
4  considered: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) ***futility of***
5  ***amendment***; and (5) ***whether plaintiff has previously amended his complaint.***"  *Allen v. City of*
6  *Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (emphasis added).  Also, the Court's "discretion
7  to deny leave to amend is particularly broad where plaintiff has previously amended the
8  complaint." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir.
9  2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).  Here,
10 the Court already provided Plaintiff multiple opportunities to amend his claims.  Nonetheless,
11 despite the Court's guidance and instructions, the SAC fails to comply with the Court's prior
12 orders dismissing Plaintiff's original Complaint and FAC.  Moreover, Plaintiff's SAC
13 demonstrates that any further amendments will be futile.  Therefore, the Court should dismiss all
14 of Plaintiff's claims against Defendant D. Goldman with prejudice.

## III.   CONCLUSION

For the reasons set forth above, Defendant D. Goldman respectfully submits that all of Plaintiff's inducement claims should be dismissed with prejudice as to Defendant Goldman.

Dated:  April 23, 2012                                          Respectfully submitted,

                                                                JONES DAY


                                                                By: /s/ Edison T. Lin
                                                                    Edison T. Lin

                                                                *Counsel for Defendant*
                                                                Douglas E. Goldman, M.D.

SVI-107394v2