UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD T. MCREE, | Case No.: 11-CV-00991-LHK |
| Plaintiff, | ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS WITH PREJUDICE |
| v. | |
| RICHARD N. GOLDMAN, ET AL., | |
| Defendants. | |

Defendant Douglas E. Goldman ("D. Goldman") moves pursuant to Rule 12(b)(6) to dismiss Plaintiff Richard T. McRee's ("Plaintiff") Second Amended Complaint ("SAC") alleging direct and indirect patent infringement. The Court found this motion suitable for determination without oral argument and previously vacated the August 30, 2012 hearing. *See* Civ. L. R. 7-1(b). Having considered the submissions and arguments of the parties, and the relevant law, the Court hereby GRANTS D. Goldman's motion to dismiss with prejudice.

**I. BACKGROUND**

    **A. Factual Background**

The factual and procedural history of this case are set forth in detail in the Court's March 19, 2012 Order on various motions to dismiss Plaintiff's First Amended Complaint. *See* ECF No.

109. Accordingly, the Court will only briefly summarize here the facts relevant to the instant motion.[1]

Plaintiff is a registered architect, inventor, and sole owner of U.S. Patent No. 6,003,269 (the "'269 Patent"), entitled "Retractable Covering for Spaces" ("RCS"), which issued on December 21, 1999.  SAC ¶ 2; *see* ECF No. 1 at 30 ['269 Patent].  Plaintiff uses the registered trademark "SkyCover," No. 75/577461, to identify embodiments of the '269 Patent.  SAC ¶ 2.  Plaintiff asserts that the outdoor retractable covering over the stage in Stern Grove (the "Stern Grove Canopy"), a public park owned and maintained by Defendant City and County of San Francisco ("CCSF"), infringes the '269 Patent.

Plaintiff alleges that Defendants' idea for the Stern Grove Canopy originated with a May 1994 meeting between Plaintiff and Administrators of the San Francisco Giants, of which Defendant RN Goldman was the General Owner at the time.  SAC ¶ 25.  During that meeting, Plaintiff confidentially disclosed his RCS idea as a possibility for the renovation of Candlestick Park.  *Id.*  Subsequently, RN Goldman and his son, D. Goldman, began discussions with the Mayor's Office regarding renovation of Stern Grove, and D. Goldman contributed seed funding for the renovation project.  SAC ¶¶ 27, 43.  In 1996, D. Goldman became the Director of the Stern Grove Festival Association ("SGFA"), a non-profit organization that organizes admission-free summer concerts open to the public.  SAC ¶¶ 5, 27-28.  In 1998, Plaintiff had a meeting with the Mayor's Office, during which he suggested using an RCS for the Stern Grove amphitheater.  SAC ¶ 29.

Nonetheless, little came of the 1998 meeting with the Mayor's Office, and Plaintiff did not learn of Defendants' alleged infringement of the '269 Patent until June 20, 2005, when he saw the new Stern Grove Canopy featured in the newspaper.  SAC ¶ 37.  Plaintiff alleges that, upon

---

[1] The Court assumes that the parties and readers of this Order have read the Court's October 12, 2011 Order Granting Defendant Douglas E. Goldman's Motion to Dismiss, Denying Plaintiff's Motion for Preliminary Injunction, and Denying Plaintiff's Motion to Compel Response, *see* ECF No. 60 ("October 12 Order"), and the Court's March 19, 2012 Order Granting Defendant Douglas E. Goldman's Motion to Dismiss; Granting in Part and Denying in Part City and County of San Francisco's Joinder in Motion to Dismiss; Granting United States' Motion to Dismiss; and Denying Plaintiff's Motion to Compel, *see* ECF No. 109 ("March 19 Order").

discovery of the alleged infringement, he immediately notified Defendants, and for nearly six years thereafter diligently pursued non-litigation strategies for resolving this dispute without resort to the courts. SAC ¶¶ 28, 37-38.

### B. Procedural History

Plaintiff filed his original Complaint on March 3, 2011, alleging five causes of action: (1) patent infringement; (2) unconstitutionality; (3) fraud; (4) unfair competition; and (5) negligence. ECF No. 1. On October 12, 2011, the Court granted Defendant D. Goldman's motion to dismiss all claims, with leave to amend. ECF No. 60 ("Order"). On November 8, 2011, Plaintiff filed his FAC, asserting the same five causes of action, but adding CCSF and the United States as defendants. On March 19, 2012, the Court issued an order: (1) dismissing with prejudice all claims against D. Goldman except inducement of infringement, which the Court dismissed without prejudice; (2) dismissing with prejudice all claims against CCSF except direct infringement, which survived the motion to dismiss; (3) dismissing all claims against the United States with prejudice; and (4) denying without prejudice Plaintiff's motion to compel response from RN Goldman's estate. *See* ECF No. 109.

Plaintiff filed his SAC on April 9, 2012. ECF No. 111. CCSF filed an Answer on April 23, 2012. ECF No. 112. D. Goldman filed a motion to dismiss all claims against him, which was fully briefed.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). In deciding whether the plaintiff has stated a claim, the court must assume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). Pro se pleadings are to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365

3
Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS WITH PREJUDICE

(1982) (per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Generally, when a complaint is dismissed, "leave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010); *see* Fed. R. Civ. P. 15(a). This is particularly true where the plaintiff is proceeding pro se. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho*, 629 F.3d at 892-93 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original). The Court's "'discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

### III. DISCUSSION

Plaintiff's SAC asserts claims for both induced and direct infringement against D. Goldman. *See* SAC ¶¶ 40-54. The Court previously granted D. Goldman's motion to dismiss Plaintiff's direct infringement claim against him with prejudice. *See* ECF No. 109 at 6-7. Accordingly, Plaintiff's direct infringement claim against D. Goldman is improper and is again DISMISSED with prejudice.

The Court previously also granted D. Goldman's motion to dismiss Plaintiff's claim for inducement of infringement, but did so without prejudice, in light of Plaintiff's *pro se* status and the possibility that Plaintiff's pleading deficiency could be cured by amendment. However, for the reasons discussed below, Plaintiff has again failed to cure the deficiencies identified in the Court's March 19, 2012 Order.

Plaintiff again fails to allege sufficient facts that D. Goldman induced infringement in violation of 35 U.S.C. § 271(b). Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To prove induced infringement, "the

4

1    patentee must show, first that there has been direct infringement, and second that the alleged

2    infringer knowingly induced infringement and possessed specific intent to encourage another's

3    infringement." *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1354-55 (Fed. Cir.

4    2008) (internal quotation marks and citations omitted); *accord DSU Med. Corp. v. JMS Co.*, 471

5    F.3d 1293, 1306 (Fed. Cir. 2006) (en banc). As the Court has explained in its previous dismissal

6    orders, induced infringement requires more than mere knowledge of the induced acts; rather, the

7    accused must have "knowledge that the induced acts constitute patent infringement." *Global-Tech

8    Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011); *see* October 12 Order at 8; March 19

9    Order at 7.

10      Here, Plaintiff's SAC suffers from the same defects as did his FAC. As before, Plaintiff

11   fails to plead concurrence of scienter and conduct to establish D. Goldman's liability under §

12   271(b). Plaintiff first alleges that D. Goldman contributed a majority of the seed funding for the

13   Stern Grove Canopy project and thereby induced others to directly infringe the '269 Patent. But D.

14   Goldman's financial contributions to the Stern Grove Canopy pre-date 2005, which is when

15   Plaintiff alleges Defendants first learned that the Stern Grove Canopy allegedly infringed the '269

16   Patent. Thus, Plaintiff has not pled that D. Goldman provided funding to the Stern Grove Canopy

17   project with the specific intent to induce an infringing act. Moreover, although Plaintiff alleges

18   that Defendants first learned of his "'269 Patent inventions as early as 1994," SAC ¶ 42, the '269

19   Patent did not even issue until December 21, 1999. "[A]s a matter of law § 271(b) does not reach

20   actions taken before issuance of the adverse patent." *Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76

21   F.3d 1185, 1196 (Fed. Cir. 1996). "[W]hen no patent has issued at the time of the inducement

22   there can not be a violation of § 271(b). The principle of liability for 'aiding and abetting' the

23   wrongful acts of others is not imposed retrospectively, to make illegal an act that was not illegal

24   when it was done." *Id.* Accordingly, D. Goldman's mere knowledge of a pending patent

25   application in 1994 does not give rise to liability for inducement under § 271(b).

26      Finally, Plaintiff fails to plead any facts plausibly showing that D. Goldman induced

27   infringement after he learned of the '269 Patent in 2005. At most, Plaintiff alleges that

28   "[D]efendants have obstructed plaintiff's efforts to defend his work and the '269 Patent, and/or

5
Case No.: 11-CV-00991-LHK
ORDER GRANTING DEFENDANT DOUGLAS E. GOLDMAN'S MOTION TO DISMISS WITH PREJUDICE

induced others in turn to continue their own infringement and disregard plaintiff." SAC ¶ 46; *see also id.* ¶ 51. However, as the Supreme Court has made clear, "inducement must involve the taking of affirmative steps to bring about the desired result." *Global-Tech Appliances*, 131 S. Ct. at 2065. Plaintiff's vague allusion to Defendants' obstruction of Plaintiff's "efforts to defend his work and the '269 Patent" does not encompass allegations of any affirmative acts of inducement. Accordingly, Plaintiff's pleadings are insufficient as a matter of law to state a claim for inducement under § 271(b), and the Court therefore DISMISSES Plaintiff's claim of active inducement against D. Goldman with prejudice.

## IV. CONCLUSION

For the foregoing reasons, D. Goldman's motion to dismiss all claims against him is GRANTED. Plaintiff has already been given two opportunities to cure his pleading deficiencies by amendment and has failed to do so. Accordingly, this dismissal is with prejudice. *See Carvalho*, 629 F.3d at 892-93.

**IT IS SO ORDERED.**

Dated: August 28, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge